**STATE of Missouri, Respondent,**

v.

**Earl Lewis KIDDOO, Jr., Appellant.**

**No. 48942.**

Supreme Court of Missouri,

Division No. 2.

March 12, 1962.

Thomas F. Eagleton, Atty. Gen., Thomas R. Green, Special Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

The appellant, Earl Lewis Kiddoo, Jr., has been found guilty of attempted burglary.

■ Since an information charging this particular offense has not been previously considered, the substance of this one is set forth. The information alleges that on September 8, 1960, in Jackson County, Kiddoo, "did unlawfully, feloniously and. burglariously attempt (to) break into and enter a certain building, to-wit: the storeroom of R. D. Mann Carpet Company, a corporation, located at 924–6 Wyandotte, * * * by breaking and bursting the South window of said building there situate, the same being a building in which divers goods, wares, merchandise, and valuable things were then and there kept for sale and deposited, with felonious intent the said goods, wares, merchandise and valuable things in the said building then and there being then and there unlawfully, feloniously and burglariously to steal, and did then and there fail in the perpetration of said offense; * * *." There is in effect or directly an allegation of an attempt, the overt acts constituting the attempt, the intent and a failure, prevention or interception in perpetration, and, after verdict and in the absence of an appropriate specific attack, the information appropriately charges the substantive offense of an attempt to commit burglary in the second degree. V.A.M.S. §§ 556.150, 556.070; 12 C.J.S. Burglary § 43, p. 708; People v. Urbana, 18 Ill.2d 81, 163 N.E.2d 511; Place v. State, (Okl.Cr.) 300 P.2d 666.

■ It is not necessary to set forth the evidence, for the purposes of this opinion it is sufficient to say that the evidence supports

the charge. State v. Pigques, (Mo.) 310 S.W.2d 942; State v. Whitaker, (Mo.) 275 S.W.2d 322.

The original information charging the substantive offense was filed on September 30, 1960. On November 22, 1960, the state filed an amended information in which, under the habitual criminal law (Sections 556.-280, 556.290 RSMo 1959, V.A.M.S.), it was alleged that in 1956 Kiddoo had been convicted of a felony in Ohio. The allegation was that he had been "convicted of a felony, to-wit: Defrauding an Innkeeper and was sentenced therefor to serve a term of from 1 to 5 years at the Ohio State Penitentiary." Since the prior felony conviction was charged, the court did not give the jury a form of verdict permitting it to fix the punishment, and the jury, accordingly, returned a general verdict finding Kiddoo "guilty of Attempted Burglary, Second Degree." After the verdict was returned the court informed the jury that the defendant was being tried under the habitual criminal law and for that reason the jury was not given an opportunity to assess the punishment, that "the obligation to do that is placed on the Court." Thereupon, the court proceeded to find the prior conviction in Ohio, by having the defendant admit it, and fixed his punishment at four years' imprisonment "for said offense of Attempted Burglary Second Degree under the Habitual Criminal Act."

■ These matters, reflected by the "information * * * verdict, judgment and sentence," appear "upon the record before (the court)" and must be considered even though they were not set forth in a motion for a new trial or otherwise called to the trial court's attention. Sup.Ct. Rule 28.02, V.A.M.R. The appellant is not represented by counsel in this court and there has been no brief filed on his behalf. Aside from this, however, and aside from the court's duty, the appellant has himself filed a document in which he asserts "that under the revised Statute of 1959 as pertains to the Habitual Criminal Act, the defendant was ille-

gally being tried, or. was tried, as pointed out, herein. While the prior conviction charged in Habitual Criminal Information, is a felony offense under Ohio State Statute the same offense is a misdemeanor offense under Missouri State Statute, thereby as the defendant understands that section of the Habitual Criminal Act pertaining thereto, the Habitual Criminal Act was not applicable as charged." Wherefore, "the writer prays the Court will consider defendants awkward position and concern and will duly consider the point contended * * * when the case is reviewed by the Court."

■ When the state relies on a conviction in another state, the applicable section of the habitual criminal act provides that "Every person who shall have been convicted in any of the United States * * * of *an offense* which, *if committed in this state, would be punishable by the laws of this state by imprisonment in the penitentiary*" (Section 556.290 RSMo 1959, V.A.M.S.), is punishable as a habitual criminal under section 556.280. And the latter section, incidentally, provides that "If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary * * *." In this jurisdiction "imprisonment in the penitentiary" is a term of art, it is the language descriptive of a "felony"—"The term 'felony,' when used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, shall be liable by law to be punished with death or imprisonment in the penitentiary, *and no other*," V.A.M.S. § 556.020. And a "misdemeanor" is an offense "punishable *only* by fine or imprisonment in a county jail, or both," V.A.M.S. § 556.040. In any event, in section 556.290, "The language is plain beyond cavil: defendant is a second offender only if the 'crime' of which he was 'convicted' in the other jurisdiction would have amounted to a felony here." People v. Olah, 300 N.Y. 96, 98, 89 N.E.2d 329, 330,

19 A.L.R.2d 219, 221; People v. Kronick, 308 N.Y. 866, 126 N.E.2d 307.

In Ohio, as the information here alleges, "Defrauding an Innkeeper" is a "mixed felony." Baldwin's Ohio Revised Code, Sec. 2911.14. But in Missouri defrauding an innkeeper is not a "felony," and it is not a "mixed felony" and for that reason available to the state under our habitual criminal law (State v. Marshall, 326 Mo. 1141, 34 S.W.2d 29), it is a "misdemeanor" and therefore not available to the state under the statute. State v. Brinkley, 354 Mo. 337, 369, 189 S.W.2d 314, 331. "Any person who shall obtain lodging, food, money, property or other accommodations at any hotel, inn * * * or eating house with intent to defraud the owner or keeper thereof *shall be guilty of a misdemeanor,* and upon conviction thereof *shall be fined not exceeding one hundred dollars, or be imprisoned in the county jail not exceeding three months, or punished by both such fine and imprisonment.*" (Italics supplied.) V.A.M.S. § 419.-080.

 Even so, it may be asked, how is the appellant Kiddoo unfairly affected? The punishment for an attempt to commit an offense, "If the offense so attempted be punishable by imprisonment in the penitentiary, and a maximum punishment be prescribed therefor, the person convicted of such attempt shall be punished by imprisonment in the penitentiary *for a term not exceeding one-half of the longest time prescribed for such offense, * * *.*" V.A.M.S. § 556.150(3). The punishment for burglary in the second degree is "not less than two nor more than ten years." V.A.M.S. § 560.095(2). One half the maximum is five years and the appellant has been sentenced to less than the maximum, four years, and so, irrespective of the habitual criminal act, he has received a sentence within the punishment prescribed for the principal offense. But the difference to the appellant and to a fair trial is this—it is only when the habitual criminal act is applicable that the court alone fixes the punishment. When the habitual criminal act is not applicable "then *the jury shall determine guilt and punishment as in other cases.*" V.A.M.S. § 556.280(2). In this case it is entirely possible that the jury might have fixed his punishment at two years' imprisonment (V.A.M.S. § 560.095(2)) rather than four years. Because the appellant was improperly tried and his punishment improperly fixed under the habitual criminal act the judgment is reversed and the cause remanded. State v. Krebs, 336 Mo. 576, 583, 80 S.W.2d 196, 200.

BOHLING and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the Court.

All of the Judges concur.