**STATE of Missouri, Respondent,**

**v.**

**Leroy Watson BRYANT, Appellant.**

**No. 50135.**

Supreme Court of Missouri,

Division No. 1.

Feb. 10, 1964.

R. B. Kirwan, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Louis C. DeFeo, Jr., Asst. Atty. Gen., Jefferson City, for respondent.

HOUSER, Commissioner.

Leroy Watson Bryant was convicted of first degree robbery under the habitual crim-

inal statute, § 556.280, V.A.M.S. Sentenced by the court to 20 years' imprisonment in the penitentiary, defendant has appealed.

Defendant's brief on appeal urges two points, both of which are technical criticisms of jury instructions. Neither requires a statement of the evidence, the sufficiency of which is not otherwise challenged.

Defendant's first complaint is directed at Instruction No. 2, which follows:

"The Court instructs the jury that if you believe and find from the evidence in this case, beyond a reasonable doubt, that at the County of Jackson and State of Missouri, on the 12th day of August, 1962, the defendant herein, LEROY WATSON BRYANT, did then and there with force and arms in and upon one Robert J. Beebe, unlawfully and feloniously make an assault with a dangerous and deadly weapon, to-wit: a revolver, loaded with gunpowder and leaden balls, and took and carried away any money or property from his person or in his presence and against his will, by force and violence to his person or by putting him in fear of some immediate injury to his person, with felonious intent to convert the same to his own use without any honest claim to said money or property on the part of the defendant and with intent to permanently deprive the said Robert J. Beebe of his ownership and without the consent of the said Robert J. Beebe, if such be your finding, then you will find the defendant guilty of Robbery, First Degree and so find in your verdict.

"And, unless you find the facts to be as above stated, you are instructed to acquit the defendant of Robbery, First Degree.

" 'Feloniously' " means wickedly and against the admonition of the law, that is, unlawfully."

Instructions Nos. 3 and 4 related to the presumption of innocence, reasonable doubt,

and the proof of intent. Defendant does not complain about Instructions Nos. 3 and 4. Defendant offered no instructions.

Defendant's attack on Instruction No. 2 is directed at the second paragraph: "And unless you find the facts to be as above stated, you are instructed to acquit the defendant of Robbery, First Degree." Defendant says the reference to "facts * * * as above stated" was an improper comment by the court; an evaluation of the contents of paragraph one which informed the jury "in so many words that what was recited before were 'facts,'" thus invading the province of the jury, "as they were the ones to determine the facts and not the Court." Defendant asks whether the jury should not have been instructed that they should base their verdict upon the evidence, and says the language implies that the court has "made an adjudication," determined what the facts were and was instructing that if the jury agreed with the court as to the court's findings, "then they should act accordingly."

This point is without merit. We do not regard the second paragraph of the instruction as an improper comment. It did not invade the province of the jury. It "clearly negatives the idea that the truth of any of the facts therein hypothesized was assumed." State v. Washington, Mo.Sup., 364 S.W.2d 572, 576. See also State v. Wyatt, Mo.Sup., 276 S.W.2d 86, 89. That, contrary to defendant's contention, the jury was instructed to base its verdict upon the evidence is plainly demonstrated by considering the first seventeen words of paragraph one.

Defendant cites State v. Fraley, 342 Mo. 442, 116 S.W.2d 17, but that case simply holds that a defendant should not be denied a converse instruction, requested by him, merely because the state's instruction concludes with the words "and unless you so find the facts to be, you will acquit the defendant." Here defendant did not request a converse instruction. That case cites State v. Dougherty, 287 Mo. 82, 228 S.W. 786,

which holds unnecessary the giving of a converse instruction based on defendant's denial of the charge, where the state's main instruction defines the crime charged, states the facts necessary to be found to establish the charge, and closes with the statement that "unless the jury find the facts to be as stated they will acquit the defendant," and where defendant does not request a converse instruction. In commenting on the effect of the quoted words the court said, 228 S.W., l. c. 788: "This, to the average mind, cannot be construed as otherwise than telling the jury if they find the facts as stated they may convict, but unless they so find them they will acquit. There is therefore no opportunity for the jury to have misinterpreted their province, and more could not have been accomplished if the court had made a converse statement in detail of the facts which, if found, would have authorized an acquittal. The instructions given, which we have examined for the purpose of enabling us to properly dispose of defendant's contention, fairly presented the law for the jury's guidance under the evidence, and, if more was desired, a request should have been made therefor." We continue to approve this language. If defendant wanted further elucidation on the subject he should have offered a converse instruction, but as admitted in his brief he "submitted no instructions, choosing for weal or woe, a negative course."

Defendant's other point is that the court erred in giving Instruction No. 5, which follows:

"The court instructs the jury that the defendant has interposed for a defense what is known as an alibi; that is, that even if the crime was committed, he at the time of the commission thereof, was at another and different place than that in which such offense was committed, and therefore was not and could not have been the person who committed the same. Now, if the evidence leaves in your mind a reasonable doubt as to his presence at the place where the offense was committed at the time of the commission thereof, you will find him not guilty."

Defendant's first attack on Instruction No. 5 is that it should have recited "Now, if the evidence when taken as a whole * * *" instead of "Now, if the evidence * * *"; that as written it is not certain what part of the evidence (the state's or the defendant's) is meant; that it does not inform the jury what evidence must be produced to leave a reasonable doubt in their minds, and is silent as to whether the burden of producing that evidence is on the state or the defendant. This objection is insubstantial. "The evidence" would be taken by the average person to mean the evidence in the case, or all of the evidence, and could not reasonably be understood to be limited to that of one party or the other, in the absence of some language indicative of an intention to thus restrict its reference.

Defendant's second attack on Instruction No. 5 is that it places the burden of proof of alibi upon defendant, whereas the burden of proving that defendant "was there and committed the robbery" was upon the state. This same criticism, leveled at an identical alibi instruction, was rejected by this court less than a year ago in State v. Washington, supra, for the reasons stated in two cases cited in that opinion, 364 S.W.2d, l. c. 577, namely, State v. Williams, 309 Mo. 155, 274 S.W. 427, 435[12], and State v. Prunty, 276 Mo. 359, 208 S.W. 91, 95[5], viz., that where this instruction is given in connection with a proper instruction on reasonable doubt and presumption of innocence, this gives the defendant the full benefit of the defense of alibi and does not place the burden of proof upon him.

We have examined the information, verdict, judgment and sentence, as required by Supreme Court Rule 28.02, V.A.M.R. The charge of robbery first degree is sufficient in all essential respects, but the charge of prior conviction of crime, by which the state sought to invoke the habitual criminal statute, is defective. The

information alleged that defendant "on the 10th day of April, 1962, at the County of Wyandotte, State of Kansas, was convicted of a felony, to-wit: Grand Larceny, and was sentenced therefor to serve a term of Five (5) years, * * *." This is insufficient to invoke the procedure by which the court and not the jury hears the evidence with respect to prior convictions and fixes the punishment, because it fails to allege that defendant was "subsequently placed on probation, paroled, fined or imprisoned therefor," as required by § 556.280, V.A. M.S. In State v. Franck, Mo.Sup., 260 S.W.2d 52, an information which failed to allege that defendant was discharged "upon pardon or upon compliance with the sentence," as required by the wording of the statute then in force, was held fatally defective and the conviction was reversed and the cause remanded. In State v. St. Clair, Mo.Sup., 261 S.W.2d 75, decided under the same statute as Franck, it was held that those facts must be alleged and proved before the habitual criminal statute may be invoked. We rule that the information was fatally defective and that defendant was not subject to the procedure provided by the habitual criminal statute. This defect is not cured by the statute of jeofails. State v. Sumpter, 335 Mo. 620, 73 S.W.2d 760[3]. It is only when the habitual criminal statute is applicable that the court alone fixes the punishment. State v. Kiddoo, Mo.Sup., 354 S.W.2d 883, 886. When the habitual criminal statute is inapplicable it is the function of the jury to determine guilt and punishment "as in other cases." § 556.280 (2), V.A.M.S. Defendant therefore had a right to have the punishment fixed by the jury in this case, but the court and not the jury fixed the sentence. The court imposed a sentence of 20 years under the habitual criminal statute. The deprivation of his right to have the jury fix the punishment prejudiced the defendant, for the jury may well have imposed a lesser punishment than that fixed by the court. State v. Young, Mo.Sup., 366 S.W.2d 386, 390; State v. Kiddoo, supra.

We declare the sentence void. In State v. Kent, decided concurrently herewith, the information sufficiently alleged a prior conviction but the state failed to *prove* that the habitual criminal statute was applicable. The conviction was reversed. In Kent and in the similar situation in State v. Hill, Mo. Sup., 371 S.W.2d 278, the judgment and sentence were set aside and the causes were remanded for a hearing on the issue of former conviction. In this case, however, where the defect is in the information and not in the proof, the defect vitiates the entire proceeding. The judgment is therefore reversed and the cause is remanded for such further proceedings as may seem appropriate under the circumstances.

COIL and WELBORN, CC., concur.

PER CURIAM.

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.