STATE of Missouri, Respondent,

v.

Major Antree JONES, Appellant.

No. 50533.

Supreme Court of Missouri,

Division No. 2.

Oct. 12, 1964.

Thomas F. Eagleton, Atty. Gen., John H. Denman, Asst. Atty. Gen., Jefferson City, for respondent.

A. Robert Parclman, Kansas City, for appellant.

EAGER, Judge.

This defendant was found guilty by a jury of the offense of assault with intent to kill, with a pistol. The element of malice aforethought, originally charged, was eliminated by amendment of the information. Defendant was represented by counsel throughout his trial and is so represented upon this appeal. The Court, finding a prior conviction, assessed defendant's punishment at three years in the Department of Corrections, and sentenced him accordingly. The verdict was returned on September 18, 1963; a motion for new trial was filed on November 19, 1963. No extension of time is shown for the filing of that motion, but even had there been such an extension the time could not possibly have been extended for any period totaling more than forty days. Rules 27.20 and 31.02, V.A.M.R. This motion was clearly out of time. We shall consider those matters covered by Rule 28.02, which include the sufficiency of the information, the verdict, and the judgment and sentence. The motion for new trial attempts to raise three points: (1) that there was no credible evidence to support the verdict; (2) that the verdict was contrary to the law under the evidence; and (3) that the Court erred in overruling defendant's objections to the applicability of the Habitual Criminal Act. We shall not consider (1) in the absence of a valid motion for new trial. In so ruling, however, we do not intimate that the evidence was insufficient. Assignment (2) would fall for the same reason but, in addition, it is wholly meaningless under our Rule 27.20. We shall consider assignment (3) as a matter raised on the information, verdict, and judgment. In State v. Kiddoo, Mo., 354 S.W.2d 883, the Court

said, with reference to a similar contention: "These matters, reflected by the 'information * * * verdict, judgment and sentence,' appear 'upon the record before (the court)' and must be considered even though they were not set forth in a motion for a new trial or otherwise called to the trial court's attention. Sup.Ct. Rule 28.02, V.A.M.R."

■ Under the circumstances, there is no point in making a statement of the evidence here. The information sufficiently charges the crime of assault with intent to kill with a deadly weapon. Its allegations include all necessary elements of § 559.180, RSMo 1959, V.A.M.S., except the existence of "malice aforethought," which was eliminated by amendment. The amendment made § 559.190 applicable to the punishment. The elements so charged were: that defendant did "on purpose * * * make an assault * * * with a pistol" and "then and there feloniously, willfully on purpose * * * shoot * * * at, against and upon said Jimmie Nelson * * *" and wounded him, "with the felonious intent * * * him * * * to kill and slay * * *."

■ The verdict specifically found defendant "guilty of assault with intent to kill with a pistol." This was entirely sufficient, since the case was merely submitted for a finding of guilt under § 556.280 (Laws 1959) and not for a determination of the term of imprisonment. Allocution was granted, and the fixing of the punishment by the Court, the judgment and the sentence were responsive to the verdict and are entirely sufficient. The only question remaining is the applicability of our second offense statute. Section 556.280, RSMo 1959, V.A.M.S.

On this question defendant's contention is that the prior offense charged was "not necessarily a felony in this jurisdiction," and that the Court should have sustained defendant's objection to the introduction

of such evidence. Defendant has not preserved in his brief or in his motion for new trial any objection to the form in which the evidence was offered. Our "second offense" statute provides, in so far as material here: "If any person convicted of any offense punishable by imprisonment in the penitentiary, * * * shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows: (1) If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted." When this statute is applicable the Court finds whether or not there has been a prior conviction and imprisonment; if he finds that there has been, then the jury merely finds the defendant's guilt or innocence, and the Court assesses the punishment and sentences the defendant accordingly. The basic question here is whether, in the state of this record, the statute was applicable and the Court, rather than the jury, was required to assess the punishment.

■ Section 556.290 [1] provides that the Act shall be applicable when the prior offense was committed in another state, district or territory, if it be one which would be punishable by imprisonment in the penitentiary if committed in this state. State v. Murray, Mo., 280 S.W.2d 809. Proof of a prior conviction or convictions under federal law is admissible under the act. State v. Johnstone, Mo., 350 S.W.2d 774, cert. denied 369 U.S. 877, 82 S.Ct. 1149, 8 L.Ed. 2d 280; State v. Brinkley, 354 Mo. 337, 189 S.W.2d 314, 331.

The information here charged that defendant had, on the 11th day of October, 1954, been convicted of "a felony, to-wit: facilitate the transportation, concealment

1. This section was left unaffected in the revision of 1959.

and sale of a narcotic drug of Heroin, Hydrochloride, violation of Secs. 2554(a). T. 26. USC Sec. 174, T. 21, USC, and thereafter was received at the Federal Penitentiary to serve a term of 3 years for said offense on October 7, 1954, * * *." (We note here that our present statute does not require allegation and proof of a discharge as did the prior statute; defendant here was specifically charged with a conviction and imprisonment.) Section 174 of Title 21, Fed.Code Ann. is, in its essential parts, as follows: "Whoever fraudulently or knowingly imports or brings any narcotic drug into the United States or any territory under its control or jurisdiction, contrary to law, or receives, conceals, buys, sells, or in any manner facilitates the transportation, concealment, or sale of any such narcotic drug after being imported or brought in, knowing the same to have been imported or brought into the United States contrary to law, or conspires to commit any of such acts in violation of the laws of the United States, shall be imprisoned not less than five or more than twenty years and, in addition, may be fined not more than $20,000. * * * Whenever on trial for a violation of this subsection the defendant is shown to have or to have had possession of the narcotic drug, such possession shall be deemed sufficient evidence to authorize conviction unless the defendant explains the possession to the satisfaction of the jury."

The federal act not only proscribes the actual importation, receipt, concealment, purchase and sale of any illegal narcotic drug, but it also makes it a crime to *"facilitate"* any such act. The information charged the latter crime and the Court found that defendant had been convicted of it, as disclosed by an exhibit received in evidence. The exhibit confirms the fact that defendant plead guilty to that crime, was sentenced to serve three years, and was incarcerated; and we may assume such from the Court's finding, without reference to the exhibit. The term "facilitate," as used in this act, has been described

as follows in Vasquez v. United States, 9 Cir., 290 F.2d 897, at loc. cit. 899: "One may be convicted of transporting or facilitating the transportation of narcotics without having committed the act of selling. Torres Martinez v. United States, supra [1 Cir.], 220 F.2d [740] at 743. Here it was not necessary for the Government to prove actual transportation since appellants were only charged with facilitating transportation. The word 'facilitate' as used in section 174 means 'to make easy or less difficult,' 'to free from difficulty or impediment,' 'as to facilitate the execution of a task.' Bruno v. United States, 9 Cir., 259 F.2d 8, 10." See also Bruno v. United States (C.A. 9), 259 F.2d 8. It is obvious that one might knowingly facilitate the sale, etc., of a narcotic without, per se, committing the complete crime himself. However, we see no essential difference between "facilitating" a crime and acting as an *accessory* to a crime, which under our § 556.170, makes one guilty as a principal. That section is applicable to all felonies, including those defined and proscribed in our Narcotic Act, §§ 195.010–195.270. The transportation, possession, manufacture or sale of any narcotic drug is made a crime by our law; for the first offense there may be a penitentiary sentence of up to twenty years (and greater if the offense involves the sale, gift or delivery of the drug). The defendant here was specifically convicted of facilitating "the transportation, concealment and sale of a narcotic drug * * *." There is certainly no substantial difference between that crime and the crime of being an accessory to the transportation, concealment and sale of a narcotic drug in Missouri. It is not necessary that the two crimes be identical in all particulars; it is sufficient if they are substantially similar. State v. Young, 345 Mo. 407, 133 S.W.2d 404. We rule here that this prior offense, if committed in Missouri, would have been punishable by imprisonment in the penitentiary; we further rule that the Court properly fixed the defendant's punishment.

Counsel further contends that the provision of the federal act which provides that evidence of the possession of a narcotic is deemed sufficient for conviction unless explained, differentiates that act from the Missouri law; and that, hence, what might have been a crime under the federal law "might not necessarily be a crime under the Missouri Statute." We fail to follow this argument. Section 195.020 of our law expressly provides: "It is unlawful for any person to manufacture, possess, have under his control, sell, prescribe, administer, dispense, or compound any narcotic drug, except as authorized in this law, * * *." Thus possession alone is made an offense and the penalties of § 195.200 apply to the violation of "any provision of this chapter"; the permissible penalties include the imposition of a penitentiary sentence up to twenty years.

We find no error in the matters appearing of record, and the judgment is affirmed.

All of the Judges concur.