STATE of Missouri, Plaintiff-Respondent,

v.

Donald Ray MYERS, Defendant-Appellant.

No. 9138.

Springfield Court of Appeals,
Missouri.

Aug. 18, 1971.

Darrell Deputy, Jr., Prosecuting Atty., Lebanon, Mo., for plaintiff-respondent.

Orville C. Winchell, Lebanon, Mo., for defendant-appellant.

PER CURIAM.

Defendant was charged in the Circuit Court of Laclede County with the second offense misdemeanor of operating a motor

**804** ■ 

vehicle while in an intoxicated condition. § 564.440.[1] Out of the hearing of the jury, the trial court conducted a pre-trial investigation of defendant's previous conviction and determined that on September 27, 1964, "defendant was convicted of driving an automobile while in an intoxicated condition, a misdemeanor * * * and paid a fine of" $10 and costs of $11.55 "in the Magistrate Court." [2] Thereafter, the court announced "the only issue that will be submitted to the jury will be the guilt or innocence of the defendant." Following trial, the jury returned a verdict of guilty and the court assessed "the defendant's punishment at confinement in the Laclede County jail for a term of four months." Defendant's post trial motions were overruled and he appealed prematurely before allocution, sentence and judgment. State v. Myers, Mo.App., 467 S.W.2d 577. Subsequent to remand and proper procedures, defendant has again appealed. His complaint, as in the court nisi, is that the trial court erroneously applied § 556.280 [3] (the Habitual Criminal Act) to a misdemeanor case and thereby deprived him of the right to have the jury determine his punishment as well as his guilt or innocence.

 The Habitual Criminal Act (§ 556.280) is highly penal and must be strictly construed. State v. Hacker, Mo., 291 S.W.2d 155, 157(1). As it appears in the act, "punishable by imprisonment in the penitentiary" is a term of art (State v. Kiddoo, Mo., 354 S.W.2d 883, 885) and constitutes an exact synonym for "felony," which is defined in § 556.020.[4] The authority for a trial court to assess punishment in a jury case under the Habitual Criminal Act is properly exercised only where a defendant previously has been convicted of a felony [State v. Ginnings, Mo., 466 S.W.2d 675, 677(1); State v. Briggs, Mo., 435 S.W.2d 361, 362; State v. Garrett, Mo., 416 S.W.2d 116, 120(7)] and has been "charged with having thereafter committed a felony." § 556.280. No authority is derived from § 564.440 (intoxicated driving) for a trial court to assess punishment, and when the Habitual Criminal Act is not applicable, defendant is entitled to have the jury deter-

1. Statutory references are to RSMo 1969, V.A.M.S.

 Sec. 564.440—"No person shall operate a motor vehicle while in an intoxicated condition. Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor on conviction for the first two violations thereof, and a felony on conviction for the third and subsequent violations thereof, and, on conviction thereof, be punished as follows: (1) For the first offense, by a fine of not less than one hundred dollars or by imprisonment in the county jail for a term not exceeding six months, or by both such fine and imprisonment; (2) For the second offense, by confinement in the county jail for a term of not less than fifteen days and not exceeding one year; * * * Evidence of prior convictions shall be heard and determined by the trial court, out of the hearing of the jury, prior to the submission of the case to the jury, and the court shall enter its findings thereon."

2. The fine of $10 is less than the minimum required by § 564.440(1), supra, which makes one skeptical that defendant had,

in fact, been convicted of the first offense misdemeanor of driving an automobile while intoxicated. Laws 1963, p. 686, § 1.

3. Sec. 556.280—"If any person convicted of any offense punishable by imprisonment in the penitentiary, * * * and is charged with having thereafter committed a felony, he shall be tried and if convicted punished * * * (1) * * * as the trial judge determines after the person has been convicted. (2) Evidence of the prior conviction * * * shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, * * *. If the finding is against the prior conviction * * * then the jury shall determine guilt and punishment as in other cases. * * * "

4. Sec. 556.020—"The term 'felony', when used in this or any other statute, shall be construed to mean any offense for which the offender, on conviction, is liable by law to be punished with death or imprisonment in a correctional institution of the state department of corrections, and no other."

805

mine his punishment. State v. Young, Mo., 366 S.W.2d 386, 390; § 556.280(2).

█ Had the first two violations of § 564.440 (intoxicated driving) not been specifically denominated as misdemeanors in the statute, determining them to be such would be a facile matter by reference to § 556.040.[5] Sections 564.440 and 556.280 each contain provisions that the trial court should conduct proceedings out of the hearing of the jury to determine prior convictions. However, the hearing conducted under § 556.280 is held to ascertain if the Habitual Criminal Act is pertinent, whereas under § 564.440 the hearing is to determine whether defendant is correctly charged with a second offense misdemeanor or with a felony and how to instruct the jury on punishment bounds if he is found guilty. No felony was involved in the present case. Defendant was charged with a misdemeanor and the prior conviction was alleged to have been a misdemeanor. When a defendant was charged under Laws 1923, § 22, p. 243, with the second offense misdemeanor of possessing intoxicating liquor, it was held in State v. Lee, Mo.App., 298 S.W. 1044, 1045(3), that the habitual criminal section "deals with felony cases * * * and has no application to a prosecution of this character." A sentence fixed by the court instead of by the jury when the Habitual Criminal Act is not applicable is void [State v. Bryant, Mo., 375 S.W.2d 107, 110(5)], and although the punishment assessed by the court was what the jury could have fixed, the defendant was prejudiced because the jury might have imposed a lesser punishment. State v. Wiley, Mo., 412 S.W.2d 485, 487. Because defendant was improperly tried and his punishment improperly fixed, the judgment is reversed and the cause remanded for a new trial.

All concur.

5. Sec. 556.040—"The term 'misdemeanor', as used in this or any other statute, shall be construed as including every offense punishable only by fine or imprisonment in a county jail, or both."