STATE of Missouri, Respondent,

v.

Jesse BRYANT, Appellant.

No. 59438.

Supreme Court of Missouri,
En Banc.

July 12, 1976.

Allen Harris, Bell, Harris & Kirksey, St. Louis, for appellant.

John C. Danforth, Atty. Gen. by Charles L. Howard, Asst. Atty. Gen., Jefferson City, for respondent.

HENLEY, Judge.

The main issue presented is whether the court or the jury shall assess the punishment where the defendant, charged with a felony under the Second Offender Law,[1] is found guilty of a misdemeanor, a lesser-included offense. We hold the jury shall.

Jesse Bryant (defendant), charged under the Second Offender Law with assault with intent to maim with malice aforethought, a felony,[2] was found guilty by a jury of common assault, a misdemeanor,[3] and the court assessed his punishment and sentenced him to imprisonment for six months in the Medium Security Institution of the City of St. Louis. Upon appeal to the Missouri Court of Appeals, St. Louis district, that court reversed the judgment and remanded the case for a new trial, holding that the sentencing procedure of the Second Offender Law is not applicable to a misdemeanor conviction. We ordered the case transferred to this court on application of respondent and review it the same as on original appeal.

There is evidence that defendant and a friend, Tim Yeargin, were engaged in a fight with Edmond Smith late in the afternoon of December 22, 1971, in the city of St. Louis. While Yeargin was striking Smith on the head with "a stick with a little piece of steel on it," defendant, wearing "brass knucks," was hitting Smith upon and about his face and head with such force as to break Smith's jaw. The evidence is sufficient to sustain the conviction. In addition, there was evidence from which the court determined that prior to this felony charge defendant had been convicted of another felony and sentenced, placed on probation, and later imprisoned therefor. Based on that finding the court also determined that if defendant were convicted in this case the court would assess punishment pursuant to § 556.280. Defendant does not question the prior felony conviction.

The court gave verdict-directing instructions submitting (1) assault with intent to maim with malice aforethought; (2) assault with intent to do great bodily harm without malice; and (3) common assault. During the instruction conference and after the court had stated it would give these three verdict-directors, defendant requested, and the court refused to give, an instruction informing the jury of the range of punishment for common assault and authorizing the jury to assess the punishment if they should find him guilty of that offense.

Defendant contends that the court erred in refusing to give this instruction and in assessing his punishment, because assessment of punishment is the function of the jury exclusively, where, as here, the conviction is of a misdemeanor. He takes the position that for the court to have authority under the Second Offender Law[4] to assess

---

1. Section 556.280, RSMo 1969. References to sections of the statutes will be to this revision unless otherwise stated.

2. Section 559.180.

3. Section 559.220.

4. Section 556.280 is, in part, as follows:
   "If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprison-ment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:
   "(1) If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary, then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted."

his punishment, he must have been *convicted* of a felony in this case. In support of his contention he relies primarily upon *State v. Hacker,* 291 S.W.2d 155 (Mo.1956); *State v. Kiddoo,* 354 S.W.2d 883 (Mo.1962); *State v. Myers,* 470 S.W.2d 803 (Mo.App. 1971). *Hacker* involved both a prior felony conviction and a subsequent charge and conviction of a felony. *Kiddoo* involved a prior conviction in another state of an offense which would have been a misdemeanor if committed in Missouri (see § 556.290); *Myers* involved a prior conviction of a misdemeanor and a subsequent charge and conviction of a misdemeanor. Neither of these cases involved a prior felony conviction and a *charge* of commission of a subsequent felony where the conviction under that charge was of a misdemeanor. Hence, these cases do not support defendant's position. The issue presented is one of first impression in this state.

The state contends that for the Second Offender Law to be applicable it is not necessary that the defendant be *convicted* of a subsequent felony; that it is sufficient if he is convicted of either the felony charged or a lesser included offense, even a misdemeanor.

The Second Offender Law was amended in 1959. Before the amendment, it required certain mandatory maximum sentences, and the jury assessed the punishment if the defendant had been convicted of a prior felony and was subsequently *convicted* of a second felony. The amendment made at least two changes: (1) the provision for mandatory maximum sentences was eliminated; (2) the trial judge, instead of the jury, was authorized to assess the punishment for the second offense.

The state emphasizes the word "charged" in the first or introductory paragraph of § 556.280 and contrasts it with the word "convicted" in the same paragraph before amendment, arguing that under the amendment a defendant need only be *charged* with the subsequent felony and, of course, convicted, but that the amendment does not specify that he must be convicted of a felo-

ny. Therefore, argues the state, defendant may be "convicted" of the charged felony or a lesser-included offense, whether it be a lesser felony or misdemeanor, and in either case the punishment is to be assessed by the trial judge.

Section 556.280 does not state in its introductory paragraph the nature of the "second" or subsequent offense (felony or misdemeanor) of which defendant must be convicted for the trial judge to be empowered to assess punishment, but we believe that that paragraph and subparagraph (1), read together, do. The introductory paragraph requires that the offender be: (1) charged with a felony committed after a prior felony conviction, (2) tried, (3) convicted, and (4) punished; it makes no provision for the nature of the punishment for the second offense or who shall assess it, except by explicit reference to subparagraph (1). Subparagraph (1) authorizes the trial judge to assess the punishment if the second offense is one for which the offender could be imprisoned in the penitentiary, a felony (§ 556.020), but it does not state the circumstances under which it becomes applicable, except by implicit reference to the introductory paragraph of which it is a part. Considered together, however, as they must be, the two paragraphs clearly require that for the trial judge to have authority to assess the punishment, the offender not only must be *charged* with a felony committed subsequent to a prior felony conviction, but he must be *convicted,* and the subsequent offense of which he is convicted must be one for which he could be punished by imprisonment in the penitentiary, a felony. A conviction of an offense not punishable by such imprisonment, a misdemeanor, although an offense included within the subsequent offense charged, will not suffice to invoke the sentencing procedure of the Second Offender Law.

In view of the result reached, we need not consider defendant's second point in which he claims the trial court erred in failing to allow him credit for time spent in jail awaiting trial.

The judgment is reversed and the cause remanded.

SEILER, C. J., and BARDGETT and DONNELLY, JJ., concur.

HOLMAN, J., dissents in separate dissenting opinion filed.

MORGAN and FINCH, JJ., dissent and concur in separate dissenting opinion of HOLMAN, J.

HOLMAN, Judge (dissenting).

I respectfully dissent. Prior to 1959 in cases proceeding under Section 556.280, proof of the prior conviction was made before the jury and the jury was instructed that upon finding such it should impose a certain punishment, usually the maximum provided in the statute. The main purpose of the 1959 amendment was to provide a procedure under which the jury would not be advised of the defendant's prior conviction. Under the amended statute it is provided that if a person previously convicted, etc., of a felony is *charged with* a later felony, tried and convicted, the trial judge shall determine the punishment.

The statute further provides that: "Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, then the jury shall determine guilt and punishment as in other cases."

It will be noted that the provisions of the statute are activated in any case where it is alleged that defendant has been convicted of a felony, etc., and is *charged with* having thereafter committed the felony involved in the case being tried. It is also significant that the judge, out of the hearing of the jury, should determine the facts concerning the prior conviction, etc., before submission of the case to the jury (usually early in the case). There is no provision in the statute for the jury to fix the punishment except when the finding is against the prior conviction, etc.

At the time this statute was amended the law was well settled that, if justified by the evidence, it was required in many felony prosecutions that lesser-included offenses, some of which are misdemeanors, must be submitted to the jury. The legislature is presumed to have known of that situation and yet it made no provision in the statute for the jury to fix the punishment in those misdemeanor situations. It therefore seems clear to me that the legislature intended that upon appropriate findings the trial judge should determine the punishment as to any offense of which the defendant is found guilty, felony or misdemeanor. My conclusion is further supported by the fact that to conclude otherwise would result in an undesirable and impractical situation where the court would instruct the jurors that if they found defendant guilty of the felony they would simply return a verdict of guilty whereas if found guilty of the lesser offense they should fix the punishment. This would present a very confusing situation to the jury which I cannot believe was intended by the legislature.

I would affirm the judgment.