**STATE of Missouri, Respondent,**

v.

**Jesse R. SMITH, Appellant.**

**No. KCD 30600.**

Missouri Court of Appeals,
Western District.

Dec. 3, 1979.

264

A. James Snider, former Asst. Public Defender, 13th Judicial Cir., Gregory & Snider, Montgomery City, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and PRITCHARD and MANFORD, JJ.

SOMERVILLE, Presiding Judge.

Defendant was charged as a second offender with driving while intoxicated—third offense. He was found guilty by a jury and in due course the trial court assessed his punishment at four years confinement in the Missouri Department of Corrections and sentence and judgment were pronounced accordingly.

A single point, sharply drawn, is relied on by defendant on appeal—inapplicability of the Second Offender Act to the third offense of driving while intoxicated.

As the driving offense for which defendant stood charged occurred on May 2, 1978, and trial thereof commenced and concluded on September 6, 1978, Section 564.440, RSMo 1969 (driving while intoxicated) and Section 556.280, RSMo 1969 (Second Offender Act), must be reckoned with even though both were repealed effective January 1, 1979, by virtue of enactment of the new Criminal Code. Parenthetically, any decision construing either or both of these repealed statutory sections, for obvious reasons, is immediately destined for the backwaters of the mainstream of the law.

Section 564.440, supra, read as follows: "564.440. Driving motor vehicle while intoxicated—penalties—evidence of prior convictions, how heard

*No person shall operate a motor vehicle while in an intoxicated condition.* Any person who violates the provisions of this section shall be deemed guilty of a misdemeanor on conviction for the first two violations thereof, and a felony on conviction for the third and subsequent violations thereof, and, on conviction thereof, be punished as follows:

(1) For the first offense, by a fine of not less than one hundred dollars or by imprisonment in the county jail for a term not exceeding six months, or by both such fine and imprisonment;

(2) For the second offense, by confinement in the county jail for a term of not less than fifteen days and not exceeding one year;

(3) For the third and subsequent offenses, by confinement in the county jail

for a term of not less than ninety days and not more than one year or by imprisonment by the department of corrections for a term of not less than two years and not exceeding five years.

Evidence of prior convictions shall be heard and determined by the trial court, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon." (Emphasis added.)

Section 556.280, supra, read as follows: "556.280. Second offense, how punished

If any person convicted of any offense punishable by imprisonment in the penitentiary, or of any attempt to commit an offense which, if perpetrated, would be punishable by imprisonment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or· imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:

(1) *If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary,* then the person shall receive such punishment provided by law for the subsequent offense as the trial judge determines after the person has been convicted.

(2) Evidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, then the jury shall determine guilt and punishment as in other cases.

(3) If the prior conviction is. appealed then this section does not apply until after the judgment is affirmed or the appeal is dismissed; except, that a subsequent offense committed after a conviction in the trial court but prior to affirmance of the conviction or dismissal of the appeal shall, after the affirmance or dismissal, be pleadable and provable as a prior conviction under the provisions of this section." (Emphasis added.)

An abundance of evidence was presented by the state from which a rational trier of fact could find the essential elements of driving while intoxicated beyond a reasonable doubt. It is also appropriate to note that prior to the submission of the case to the jury, the trial court, out of the hearing of the jury, heard, determined and entered appropriate findings that defendant had been convicted on two previous occasions of driving while intoxicated and had previously been convicted of burglary and stealing and imprisoned therefor in the penitentiary.

Defendant's single point on appeal arises in a rather unusual manner. Instruction No. 4, the state's verdict directing instruction, omitted any mention of the range of punishment for the crime of driving while intoxicated—third offense. The jury appropriately responded by returning a verdict which found defendant guilty as submitted in Instruction No. 4 but omitted assessing his punishment. Defendant faults Instruction No. 4 for failing to advise the jury as to the permissible range of punishment in the event it found him guilty, thereby effectively removing the assessment of punishment from the jury and placing it in the bosom of the trial court pursuant to the Second Offender Act. As a natural corollary, defendant charges that the sentence fixed by the trial court was void because the Second Offender Act was inapplicable, *State v. Myers,·* 470 S.W.2d 803, 805 (Mo.App.1971), and he was prejudiced thereby because the jury might have imposed a lesser punishment, *State v. Wiley,* 412 S.W.2d 485, 487 (Mo.1967), and *State v. Myers, supra.*

Because of. a total absence in this state of anything which even remotely approaches being a counterpart to the Congressional Record, the construction of legislative acts in justiciable controversies becomes, simultaneously, one of the most elusive and difficult obligations borne by the judiciary. To aid in the disposition of this solemn obliga-

tion, rules or canons of construction have judicially evolved. A synoptic view of the reigning rules or canons of construction, whose numbers are legion, give several a decisively applicable tone.

■ One particular cardinal rule or canon of construction stands out with stark clarity—penal statutes are to be strictly construed against the state and liberally construed in favor of the accused. *State v. Chadeayne,* 323 S.W.2d 680, 685 (Mo.banc 1959); and *State v. McClary,* 399 S.W.2d 597, 599 (Mo.App.1966). Two other significant rules or canons of construction command positions of prominence in this case. It is presumed that every word, clause, sentence and provision of a statute was intended by the legislature to have effect and be operative. *State ex rel. St. Louis Die Casting Corporation v. Morris,* 358 Mo. 1170, 219 S.W.2d 359, 362 (1949); and *Graves v. Little Tarkio Drainage Dist. No. 1,* 345 Mo. 557, 134 S.W.2d 70, 78 (1939). Conversely, it will not be presumed that the legislature inserted idle verbiage or superfluous language in a statute. *Dodd v. Independence Stove & Furnace Co.,* 330 Mo. 662, 51 S.W.2d 114, 118 (1932); *State ex rel. Kelsey v. Smith,* 335 Mo. 1125, 75 S.W.2d 832, 834 (Banc 1934); *Bussmann Manufacturing Co. v. Industrial Commission, Division of Employment Security,* 335 S.W.2d 456, 460 (Mo. App.1960); and *State ex rel. May Department Stores Company v. Weinstein,* 395 S.W.2d 525, 527 (Mo.App.1965).

Certain inroads on the construction task facing this court have already been made. *State v. Wiley,* 412 S.W.2d 485, 487 (Mo. 1967), holds that Section 556.280, supra, is " 'highly penal and * * * must be strictly construed' ". See also *State v. Lucas,* 520 S.W.2d 609, 611 (Mo.App.1975). *State v. Pfeifer,* 544 S.W.2d 317, 321 (Mo. App.1976), holds that "[t]he *offense* under Section 564.440 is driving while intoxicated, all of the balance of the statute being referable to the question of punishment and the degree of the offense committed."

The above comprise a legal matrix from which to determine whether a conviction for driving while intoxicated—third offense, Section 564.440, supra, invoked the sentencing procedure of the Second Offender Act, Section 556.280, supra.

■ In the context raised by defendant, the key to construing Section 556.280, supra, lies in the following language contained in paragraph (1): "If the subsequent offense be such that, *upon a first conviction,* the offender could be punished by imprisonment in the penitentiary . . ". (Emphasis added.) The words, "upon a first conviction", obviously qualify the preceding term, "subsequent offense", and address it in terms of a single statutorily prescribed offense even though it be an offense carrying enhanced punishment running the gamut from a jail sentence or fine, or both, to imprisonment in the penitentiary for successive convictions. Otherwise, the qualifying words are of no effect, are inoperative, and constitute idle verbiage and superfluous language. If the preceding term, "subsequent offense", had been intended by the legislature to refer to successive violations of a statutorily prescribed offense which could be punished by imprisonment in the penitentiary as opposed to a jail sentence or fine, or both, for the first violation of the same statutorily prescribed offense, then it would have been a simple matter to have achieved such a result by excluding or eliminating the words, "upon a first conviction". The crucial portion of paragraph (1) of Section 556.280, supra, could have simply read "If the subsequent offense be such that the offender could be punished by imprisonment in the penitentiary . . . ". This would have excluded all misdemeanors from and included all felonies within the sentencing procedure perceived by the Second Offender Act, the widely accepted view of the range of applicability of Section 556.280, supra. See: *State v. Bryant,* 538 S.W.2d 340, 342 (Mo. banc 1976); and *State v. Myers,* 470 S.W.2d 803, 804 (Mo.App.1971). However, as previously noted, if the words, "upon a first conviction", serve any purpose and possess any meaning whatsoever one must necessarily conclude that the legislature also intended to exclude any statutorily prescribed

offense which might contain its own provisions for enhancing punishment ranging from jail sentences or fines, or both, to imprisonment in the penitentiary for subsequent convictions.

A literal application of the Second Offender Act (Section 556.280) precludes activation of its prescribed sentencing procedure when the "subsequent offense", as here, is driving while intoxicated in violation of Section 564.440, supra, even though a third offense is involved. A tinge of legal irony surfaces when one considers that a single event, driving while intoxicated for a third time, could otherwise have the dual effect of simultaneously (1) creating a felony where otherwise the conduct would constitute a misdemeanor and (2) invocation of the sentencing procedure of the Second Offender Act so as to substitute judicial assessment of punishment for jury assessment. Under such circumstances, the possibility of double enhancement of punishment for a single statutorily prescribed offense is more than a faint specter. It is logical to assume that the legislature chose to avoid this ironical result by excluding any statutorily prescribed offense which might contain its own provisions for enhanced punishment for subsequent violations. The view that a penal statute proscribing certain conduct and also providing for enhanced penalties for subsequent violation may be such a complete code of penalties as not to contemplate or admit of application of the Second Offender Act is not as novel as it may initially sound. See, e. g.: *State v. Lujan,* 76 N.M. 111, 412 P.2d 405, 408 (1966); *State v. Lard,* 86 N.M. 71, 519 P.2d 307, 310 (N.M.App.1974); and *State v. Edwards,* 317 S.W.2d 441, 448, footnote 1 (Mo.banc 1958).

Judgment reversed and cause remanded for new trial without application of Section 556.280, supra.

All concur.