STATE of Missouri, Plaintiff-Respondent,

v.

Raymond Eugene ACTON, Defendant-Appellant.

No. KCD 30640.

Missouri Court of Appeals, Western District.

Feb. 4, 1980.

David V. Bear, Bear, Hines & Thomas, Columbia, for defendant-appellant.

John Ashcroft, Atty. Gen., Lew A. Kollias, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

SOMERVILLE, Judge.

Defendant was charged as a second offender with driving while intoxicated—fourth offense. Upon being found guilty by a jury the trial court assessed his punishment at five years confinement in the Missouri Department of Corrections and in due course sentence was pronounced and judgment was entered accordingly.

The principal offense occurred on July 4, 1978, and the case was tried to the jury and completed on October 19, 1978. Defendant, by way of a pre-trial motion sought dismissal of the information on the ground that the Second Offender Act was inapplicable to the principal offense of driving while intoxicated—fourth offense, objected at trial to invocation of the Second Offender Act, lodged a general objection to the state's verdict director [1] when it was given, and by way of a motion for new trial charged the trial court with error for applying the Second Offender Act to the principal charge of driving while intoxicated—fourth offense because a "first conviction" for the offense of driving while intoxicated was not punishable by imprisonment in the penitentiary.

As the principal offense of driving while intoxicated occurred on July 4, 1978, and trial thereof commenced and concluded on October 19, 1978, Section 564.440, RSMo 1969 (driving while intoxicated) and Section 556.280, RSMo 1969 (Second Offender Act) must be reckoned with even though both were repealed effective January 1, 1979, by virtue of enactment of the new Criminal Code.

The same issue raised on this appeal, inapplicability of the Second Offender Act to a charge of driving while intoxicated—third and subsequent offense, was previously raised and ruled in favor of the defendant in *State v. Smith*, 591 S.W.2d 263 (Mo.App.1979). In *Smith*, Division II of this court held that a charge of driving while intoxicated—third offense under Section 564.440, *supra*, did not invoke the sentencing procedure prescribed by Section 556.280, *supra*, the Second Offender Act. The construction given Sections 564.440 and 556.-280, *supra*, in *Smith* applies with equal vigor when the principal offense, as here, is driving while intoxicated—fourth offense. Consistent with *State v. Smith, supra*, this court holds that the sentencing procedure prescribed by the Second Offender Act, Section 556.280, *supra*, should not have been invoked against the instant defendant who was charged with driving while intoxicated—fourth offense in violation of Section 564.440, *supra*.

Judgment reversed and cause remanded for a new trial without application of Section 556.280, *supra*.

All concur.

---

1. So far as here pertinent the state's verdict director removed the assessment of punishment from the jury.