Robert J. Sise, J.
The defendant is charged with the crime of criminal possession of a weapon in the third degree under subdivision (1) of section 265.02 of the Penal Law.
He moves to preclude his being considered a second-felony offender upon conviction. The People oppose defendant’s motion.
For the purpose of this motion, the facts as set forth in the defendant’s affidavit are not disputed and are the facts herein found by the court:
On November 16, 1974 the defendant was arrested for possession of an unloaded pistol. Since he had previously been convicted of a crime, defendant was indicted for criminal possession of a weapon in the third degree, a class D felony. Defendant had been convicted of an E felony in Supreme Court, Queens County, in 1973.
Defendant contends that using the same crime which elevates the charge against him to a felony as the basis for considering him a second-felony offender would be violative of his constitutional rights. Defendant offers no statutory or case authority for this proposition, but asserts that the application of the predicate-felony statute in this situation would deprive him of due process of law and constitutes cruel and unusual punishment; double jeopardy and an ex post facto use of a penal statute.
Section 265.02 of the Penal Law provides as follows:
"A person is guilty of criminal possession of a weapon in the third degree when:
"(1) He commits the crime of criminal possession of a weapon in the fourth degree * * * and has been previously convicted of any crime”.
This section, although effective September 1, 1974, represents *1027 no change from the prior law enacted in 1967 which also raised to the felony level a misdemeanor committed by one previously convicted of a crime (see Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 265.02, p 110).
The statute is supported by the strong presumption of constitutionality afforded legislative enactments (Van Berkel v Power, 16 NY2d 37; People v Pagnotta, 25 NY2d 333; Nettleton Co. v Diamond, 27 NY2d 182; People v Broadie, 37 NY2d 100). This presumption is also applicable to the predicate-felony statute which defendant contests. That statute, section 70.06 of the Penal Law states, in pertinent part, as follows: "(a) A second felony offender is a person who stands convicted of a felony defined in this chapter, other than a class A felony, after having previously been subjected to one or more predicate felony convictions”.
As the court interprets defendant’s argument, he contends that neither of the above statutes standing alone is on its face unconstitutional. Rather, defendant asserts that when combined and applied to his situation, this statutory scheme brings about an unconstitutional result.
At the outset this court disagrees with the claim that sentencing defendant as a second-felony offender would constitute cruel and unusual punishment. Taking into consideration the gravity of the offense, the maximum possible sentence which defendant could receive, if convicted, is not so grossly disproportionate to the crime charged as to render it unconstitutional, if indeed it is at all disproportionate (People v Broadie, supra, p 111; People v Brown, 46 AD2d 255). In addition, the penalties authorized under the predicate-felony statute do not comprise punishment of a status, since a defendant subject to its provisions has not been placed in a position which he was powerless to change (Powell v Texas, 392 US 514, 533).
Nor does the court find merit in the contention that the predicate-felony statute as applied here is an ex post facto law. Application of the statute to this defendant does not result in inflicting greater punishment than the law affixed to the crime when committed (US Const, art I, §§ 9, 10; People v Starks, 78 Misc 2d 87; People v Adcock, 4 Misc 2d 758; People ex rel. Lana v Donovan, 32 Misc 2d 173; People ex rel. Lonschein v Warden, 43 Misc 2d 109) and, therefore, the traditional standard has been observed. The mark of an ex *1028 post facto law is the imposition of punishment for past acts (De Veau v Braisted, 363 US 144). In this case, both the elevation of the crime from misdemeanor to felony and the application of the predicate-felony statute comes about as a relevant incident to a regulation of a present situation (De Veau v Braisted, supra, p 160).
Defendant further argues that using the prior crime to elevate the charge to a felony and to have the defendant considered a predicate felon with the attending plea bargaining restrictions and mandatory jail sentence is violative of due process. Due process demands that a law be not unreasonable or arbitrary and that it be reasonably related and applied to some actual and manifest evil (Matter of Pratt v Tofany, 37 AD2d 854). Both the weapons statute and the predicate-felony law as applied to defendant fulfill a clear legislative purpose. The classification to which the weapons statute is aimed, namely, all those convicted of a crime, is not overly broad and bears a rational relationship to a legitimate State interest (People v Butler, 46 AD2d 422, 425). Treating defendant as a second-felony offender after being convicted of this crime also fulfills a compelling State purpose and any limitation on plea bargaining could not render the statutes unconstitutional (People v Butler, supra, p 426). Due process affords protection from arbitrary governmental action (Flemming v Nestor, 363 US 603, 611). There is no denial of due process where, as here, the sentencing procedures are clear and equally applicable to each and every defendant convicted of this crime in this State (People v Messinger, 43 AD2d 15, affd 35 NY2d 987).
Defendant further contends that the use of his prior conviction in the manner intended by the prosecution constitutes double jeopardy. The prohibition against double jeopardy prevents one from being prosecuted twice for the same offense (CPL 40.20). The offense must be the same in both fact and law (see Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 40.20, p 105; Matter of Klein v Murtagh, 44 AD2d 465, affd 34 NY2d 988). In the instant case, the offense charged in the indictment is not the same in either fact or law and, therefore, double jeopardy does not apply (People ex rel. Costa v Wilson, 161 Misc 421).
Defendant’s final argument is that the use of his prior conviction in this manner is both unconscionable and not in the interest of justice. This court does not agree with either proposition. Although the specific question has not been de *1029 tided recently, when this issue was last raised, the contested procedure was held constitutional by the Appellate Division and affirmed by the Court of Appeals (People v Heath, 237 App Div 209, app dsmd 261 NY 662, rearg den 262 NY 469, resentence affd 240 App Div 947, affd 264 NY 536; People v Coleman, 237 App Div 211, app dsmd 261 NY 662, reviewed and re-affd 240 App Div 947, 264 NY 536).
In order to comply with the rule of strict construction (see Penal Law, § 5.00) and the legislative purpose behind these statutes, their provisions must be methodically applied to the present situation. Although the possible unfairness of this approach was indicated in the dissent to People v Coleman (supra, p 212) no exception has subsequently been carved out by the Legislature. This dual use of the prior conviction was again affirmed by the Court of Appeals in People v Brophy (287 NY 588) and appears to be the present law (People v Seager, 11 Misc 2d 261; Rosenblatt, New York’s New Drug Laws and Sentencing Statutes, pp 109-113). The court sees no reason to depart from the rationale of those decisions under statutes now in effect in light of the current legislative concern with the problems of recidivism and gun control. These laws are addressed to those problems.
The court is not persuaded to disavow the clear mandate of the legislative enactments here applicable and therefore, the motion to preclude is denied.