David Allen LAWSON *v.* STATE of Arkansas

CR 87-197                                    746 S.W.2d 544

Supreme Court of Arkansas
Opinion delivered March 14, 1988

38

*Sherman & James*, for appellant.

*Steve Clark*, Att'y Gen., by: *J. Brent Standridge*, Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. The question is whether our DWI enhancement statute can be coupled with our general habitual offender statute for sentencing on the same offense.

Appellant, David Lawson was charged with driving while intoxicated, and on March 18, 1987 was tried by a jury and found guilty. At the time of trial Lawson had at least three prior DWI offenses within three years of the DWI for which he was charged, and at least four prior felony convictions not related to DWI. The exact numbers are not in issue.

The court allowed the jury to set Lawson's sentence by applying both the DWI sentencing enhancement scheme for a fourth offense, Ark. Code Ann. § 5-65-111 (1987) [Ark. Stat. Ann. § 75-2504 (Supp. 1985)] and our general habitual offender enhancement statute, Ark. Code Ann. § 5-4-501 [Ark. Stat. Ann. § 41-1001 (Supp. 1985)], resulting in a range from eight to twelve years. The jury sentenced Lawson to the maximum.

On appeal Lawson raises the single argument that it was error to sentence him by applying both the DWI enhancement statute and the general habitual offender enhancement statute. We agree.

Our habitual offender statute, Ark. Code Ann. § 5-4-501 (1987) provides:

> (b) A defendant who is convicted of *a felony* committed after June 30, 1983, and who has previously been convicted of four (4) or more felonies, may be sentenced to an

extended term of imprisonment as follows:

* * *

(b) For a conviction of an unclassified felony punishable by less than life imprisonment, not less than seven (7) years more than the minimum sentence for the unclassified offense nor more than twice the maximum sentence for the unclassified offense.

Our DWI enhancement statute, Ark. Code Ann. § 5-65-111 (1987) provides:

(b) Any person who pleads guilty, nolo contendere, or is found guilty of violating § 5-65-103 shall be imprisoned:

* * *

(3) For at least one (1) year but not more than six (6) years for the fourth or subsequent offense occurring within three (3) years of the first offense and shall be guilty of a felony.

The first, second and third offenses under the DWI statutory scheme are only misdemeanors, but as can be seen, the fourth offense becomes a felony, and under the general habitual offender statute would be an unclassified felony.

Under the DWI enhancement provision the sentence range for a fourth or subsequent offense is one to six years. But when the DWI provision is joined with the habitual offender provision the range increases to eight to twelve years, as occurred in this case. Thus the issue is whether it is proper for a specific subsequent offense penalty enhancement statute to be stacked upon a general habitual criminal statute in sentencing for a single offense? And more narrowly, is it permissible to stack two such statutes when the conduct currently being punished—the offense which triggers application of the habitual criminal statute—is a misdemeanor that has been enhanced to a felony statute only by virtue of its repetition?

We have not yet addressed this issue directly. We dealt with another aspect of the problem in *Peters* v. *State*, 286 Ark. 421, 692 S.W.2d 243 (1985), but that case is distinguishable. In

*Peters*, the defendant had three prior DWI's, misdemeanors, and was tried for his fourth. The trial court used the procedure for determining prior convictions which is provided for habitual offenders, Ark. Code Ann. § 5-4-502 (1987) [Ark. Stat. Ann. § 41-1005 (Supp. 1985)], i.e., after the jury found the defendant guilty, the judge heard evidence in chambers to determine the number of prior convictions and then instructed the jury what the range of sentencing should be. We said the habitual offender statute was inapplicable because that statute provides extended terms for those who have committed more than one but less than four felonies and in that case, the defendant had three previous convictions, all misdemeanors. We also held that the existence of three prior convictions constitutes an element of DWI fourth offense and therefore, that issue must be heard and decided by the jury. Here, unlike *Peters*, we are not dealing with the habitual offender statute on the basis of prior DWI misdemeanors, but with four felonies unrelated to DWI charges. Moreover, in *Peters* the application of both the habitual offender statute and the DWI enhancement statute was not the issue.

In surveying other jurisdictions, we find the weight of authority to be against the stacking of enhancement statutes. *Goodloe* v. *Parratt*, 605 F.2d 1041 (8th Cir. 1979); *State* v. *Chapman*, 205 Neb. 368, 287 N.W.2d 697 (1980); *State of New Mexico* v. *Keith*, 102 N.M. 462, 697 P.2d 145 (Ct. App. 1985). Of those states that have considered the question, a clear majority have not allowed stacking of enhancement statutes in this case. *State* v. *Chapman, supra*; *State* v. *Keith, supra; People* v. *Vernon*, 83 Misc. 2d 1025, 373 N.Y.S.2d 314 (N.Y. Sup. Ct. 1975); *Ex Parte Boatwright*, 216 Cal. 677, 15 P.2d 755 (1932); *State* v. *Smith*, 12 Ariz. 272, 569 P.2d 838 (Ct. App. 1970); *State* v. *Sander*, 337 So.2d 1131 (La. 1976). Only two states appear to have allowed it: *Commonwealth* v. *Grimes*, 698 S.W.2d 836 (Ky. 1985); *Woods* v. *State*, 471 N.E.2d 691 (Ind. 1984).

While not addressing the issue directly, several states have held that penalty enhancement provisions set forth for subsequent offenses of specific crimes must be used when applicable instead of sentencing under a habitual criminal act, implying that both statutes may not be used for double penalty enhancement in sentencing for one offense. *Lloyd* v. *State*, 139 Ga. App. 625, 229 S.E.2d 106 (1976); *State* v. *Loudermilk*, 221 Kan. 157, 557 P.2d

1229 (1976); *Willeford* v. *State*, 454 S.W.2d 745 (Tex. Cr. App. 1979); *Broome* v. *State*, 440 P.2d 761 (Okla. Crim. App. 1968).

All the state courts that have dealt with the issue have done so through statutory construction. When stacking is disallowed courts have employed various construction rules: statutes authorizing a more severe punishment are deemed highly penal and therefore must be strictly construed, *State of New Mexico* v. *Keith, supra*; ambiguities in the construction of criminal statutes are resolved in favor of the rule of lenity, *Busic* v. *U.S.*, 446 U.S. 408 (1980); *State of New Mexico* v. *Keith, supra*; a different meaning of the term "felony" is found in some specific enhancement statute from the same term as used in a general habitual statute, *State* v. *Chapman, supra; Goodloe, supra*; a more specific statute will be given precedence over a more general one, *Goodloe, supra; Busic, supra*.

In sum, other courts have generally concluded on the basis of legislative intent that stacking a specific and general statute is impermissible. Applying the same rules of construction, we believe our own legislature did not intend the two statutes to be used together.

We have long recognized the familiar principle that where a special act applies to a particular case, it excludes the operation of a general act upon the same subject. *Saline County* v. *Kinkead*, 84 Ark. 329, 106 S.W. 581 (1907); *Abbott* v. *Butler*, 211 Ark. 681, 201 S.W.2d 1001 (1947). We have also always recognized the principle that penal laws should be strictly construed, *State* v. *Simmons*, 117 Ark. 159, 174 S.W. 159 (1915); *Burrell* v. *State*, 203 Ark. 1124, 160 S.W.2d 218 (1942); that all doubts in construing a criminal statute must be resolved in favor of the defendant, *Stuart* v. *State*, 222 Ark. 102, 257 S.W.2d 372 (1953); *Knapp* v. *State*, 283 Ark. 346, 676 S.W.2d 729 (1984); and that courts are not permitted to enlarge the punishment provided by the legislature either directly or by implication. *Savage* v. *Hawkins*, 239 Ark. 658, 391 S.W.2d 18 (1965); *State* v. *Simmons, supra*.

By applying these rules of construction we are satisfied the legislature did not intend this specific criminal enhancement statute should be coupled with our general criminal enhancement statute for the resulting purpose of creating a greater sentence

than if either statute had been applied singly. This is in accord with our decision in *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1985), where we were faced with an analogous situation involving the same Omnibus DWI Act at issue in the case before us. We applied the principle of the specific act overriding a general act on the same subject and held that the specific mandatory sentencing requirement under that act, excluded the discretionary probation provided for in our general criminal statutes.

■ We make one further point, noting first that the felony in this case which would have triggered the general habitual offender statute was otherwise only a misdemeanor and became a felony simply by virtue of its repetition. Using a felony of this nature for habitual offender purposes is specifically condemned by the ABA:

> This edition also agrees with the prior edition that misdemeanors no matter how frequent, should not be treated as a substitute for one of the [predicate] felony convictions [used for habitual offender statutes]. Experience with habitual offender statutes indicates, above all else, the need for a "bright-line" standard by which to distinguish the dangerous offender from the mere nuisance to society. American Bar Association, Standards for Criminal Justice, Second Edition, Vol. III. (1980) § 18-4.4, p. 290.

For the reasons stated the judgment is reversed and the case is remanded with directions to reduce the sentence to six years, the maximum under the Omnibus DWI Act.

REVERSED and REMANDED.