STATE of Missouri, Plaintiff–Respondent,

v.

Danny O. DOWDY, Defendant–Appellant.

No. 15765.

Missouri Court of Appeals, Southern District, Division Two.

July 7, 1989.

Susan L. Hogan, Columbia, Gary V. Cover, Clinton, for defendant-appellant.

William. L. Webster, Atty. Gen., Ronald L. Jurgeson, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

FLANIGAN, Presiding Judge.

A jury found defendant Danny Dowdy guilty of stealing, § 570.030,[1] and he was sentenced, as a persistent offender, § 558.016.3; § 558.016.6(3); § 557.036.4(1), to a term of ten years' imprisonment. Defendant appeals.

The information, as amended, charged the defendant with being a persistent offender. The two felonies on which the persistent offender allegation was based were as follows: "(1) On December 15, 1983, defendant was found guilty of the felony of stealing in the Circuit Court of Bates County, Missouri, and (2) on August 7, 1981, defendant plead guilty to the felony of stealing in the Circuit Court of Cole County, Missouri."

Defendant does not challenge the sufficiency of the evidence to support the conviction with respect to the instant offense. Defendant's appellate complaints concern the validity of the sentencing procedures and the sentence.

Section 570.040 reads:

"1. Every person who has been previously convicted of stealing two times, and who is subsequently convicted of stealing is guilty of a class C felony and shall be punished accordingly.

2. Evidence of prior convictions shall be heard by the court, out of the hearing of the jury, prior to the submission of the case to the jury, and the court shall determine the existence of the prior convictions."

Defendant asserts that the trial court erred in finding him to be a persistent offender and in removing the issue of punishment from the jury "in that the *same two prior convictions* were used to charge defendant with stealing, third offense, as were used to charge defendant as a persistent offender, and defendant was thus exposed to double enhancement of punishment." (Emphasis added.)

■ The basic question on this appeal is whether defendant's two prior stealing convictions which, by reason of § 570.040, make the instant offense a Class C felony may also be used, under § 558.016.3 to establish defendant's status as a "persistent offender." For the reasons which follow, this court answers the question in the negative.

The information charged that the defendant, on October 26, 1986, in Vernon County, appropriated "two [2] Manhandler 'Lee' F60 × 14 tires and chrome (mag) wheels of a value of at least $150," owned by one Driskel, and did so with the statutory intent. In addition to its persistent offender allegations mentioned above, the information pleaded, again referring to the two previous stealing convictions, "that pursuant to [§ 570.040]," the instant offense was "a felony without regard to dollar value."

Immediately prior to the commencement of the trial, the state introduced evidence of the two prior stealing convictions. Although appellant has complained of the timeliness of the trial court's finding, the court did find that defendant had been convicted of the two prior stealing offenses and was a persistent offender.

Instruction 5, the state's verdict directing instruction, required the jury to find beyond a reasonable doubt, in essence, that on October 26, 1986, defendant "took" the property described in the information, that he did so without the consent of owner Driskel, and that he did so for the purpose of withholding it from the owner permanently. Instruction 5 did not require a finding with regard to the value of the property stolen, nor did it require the jury,

---

1. Except where otherwise indicated, all refer-

ences to statutes are to RSMo 1986, V.A.M.S.

upon a finding of guilty, to assess and declare the punishment within the statutory range.

A "persistent offender" is one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times. § 558.016.3. The court shall find the defendant to be a persistent offender if, as applicable here, (1) the information pleads all essential facts warranting a finding that the defendant is a persistent offender; and (2) evidence is introduced that establishes sufficient facts pleaded to warrant a finding beyond a reasonable doubt that the defendant is a persistent offender; and (3) the court makes findings of fact that warrant a finding beyond a reasonable doubt by the court that the defendant is a persistent offender. § 558.021.1. With an exception not applicable here, in a jury trial such facts shall be pleaded, established, and found prior to submission to the jury outside of their hearing. § 558.021.2.

A person commits the crime of stealing if he appropriates property or services of another with the purpose to deprive him thereof, either without his consent or by means of deceit or coercion. § 570.030.1. Section 570.030.3 provides that stealing is a Class C felony if the value of the property appropriated is $150 or more. That statute also lists other situations, none applicable here, in which stealing is a Class C felony. "[O]therwise, stealing is a Class A misdemeanor." § 570.030.3(3)(k).

The authorized term of imprisonment for a Class C felony is a term not to exceed seven years. § 558.011.1(3). For a Class A misdemeanor the authorized term of imprisonment is a term not to exceed one year. § 558.011.1(5). The authorized maximum term of imprisonment for a persistent offender for a Class C felony is 15 years. § 558.016.6(3).

Section 560.011 authorizes fines for a person who has been convicted of a Class C felony and they substantially exceed the fines authorized by § 560.016 for a person who has been convicted of a Class A misdemeanor.

With two exceptions § 557.036.2 requires the court to instruct the jury as to the range of punishment authorized by statute and, upon a finding of guilty, to assess and declare the punishment as a part of their verdict. The first exception involves a written request by the defendant that the court assess the punishment in case of a finding of guilt. The second exception applies when the state pleads and proves that the defendant is a prior offender, persistent offender, or dangerous offender, as defined in § 558.016.

The following facts are evident: The facts hypothesized in Instruction 5, on which the jury made its finding of guilt, would, in the absence of two prior stealing convictions and the implementation of § 570.040, amount only to a Class A misdemeanor; by reason of § 570.040, the two prior stealing convictions convert the facts hypothesized in Instruction 5 into a Class C felony; the term of imprisonment for a Class C felony may not exceed seven years; the trial court sentenced defendant to a term of 10 years; the 10–year sentence is proper only if the trial court, after invoking § 570.040 for the two stealing convictions, may invoke the same two stealing convictions to find defendant to be a persistent offender under § 558.016.3; since defendant made no written request that the court assess the punishment in case of a finding of guilt, if the state failed to prove that the defendant was a persistent offender, the court was required to instruct the jury to assess and declare the punishment as a part of their verdict.

No Missouri case has been cited or found which addresses the basic issue of the relationship between § 570.040 and § 558.016.3, under the circumstances here, where the state has sought to invoke both statutes by the use of the same two prior stealing convictions. There is, however, Missouri and out-state case law which affords guidance by analogy.

In *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), the Court addressed the question of whether a statute (Title 18 U.S.C., § 924(c)), authorizing imposition of enhanced penalties on a

defendant who uses or carries a firearm while committing a federal felony, could be applied to a defendant who used a firearm in the course of a felony that was proscribed by Title 18 U.S.C., § 111 (assaulting a federal officer), which itself authorized enhancement if a dangerous weapon was used. The Court held that the sentence received by the defendant could be enhanced only under the enhancement provision in Title 18 U.S.C., § 111, the statute which defined the felony defendant had committed.

The Court said:

"[P]rosecution and enhanced sentencing under § 924(c) is simply not permissible where the predicate felony statute contains its own enhancement provision. This result is supported not only by the general principles underlying the doctrine of *stare decisis*—principles particularly apposite, in cases of statutory construction—but also by the legislative history and relevant canons of statutory construction."

*Busic v. United States*, supra, 100 S.Ct. at 1752.

The Court also said:

"Moreover, this view is fully consistent with two tools of statutory construction ... The first is the oft-cited rule that 'ambiguity concerning the ambit of criminal statutes should be resolved in favor of lenity.' ... And the second is the principle that a more specific statute will be given precedence over a more general one, regardless of their temporal sequence."

Id. at 1753.

The court held that Title 18 U.S.C. § 924(c) "may not be applied at all in the present situation," and that Congress, in enacting that statute, intended to provide for enhanced penalties only for crimes not containing their own enhancement provisions, and *not* to provide an *alternative* enhancement provision applicable to all felonies and *not* to provide a *duplicative* enhancement provision which would permit double enhancement where the underlying felony was proscribed by a statute like Title 18 U.S.C. § 111. Id. at 1753.

In *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544, 545 (1988), the court considered this issue: whether it was proper "for a specific subsequent offense penalty enhancement statute to be stacked upon a general habitual criminal statute in sentencing for a single offense? And more narrowly, is it permissible to stack two such statutes when the conduct currently being punished—the offense which triggers application of the habitual criminal statute—is a misdemeanor that has been enhanced to a felony statute only by virtue of its repetition?"

The court said, 746 S.W.2d at 545–546:

"In surveying other jurisdictions, we find the weight of authority to be against the stacking of enhancement statutes. *Goodloe v. Parrath*, [Parratt] 605 F.2d 1041 (8th Cir.1979); *State v. Chapman*, 205 Neb. 368, 287 N.W.2d 697 (1980); *State of New Mexico v. Keith*, 102 N.M. 462, 697 P.2d 145 (Ct.App.1985). Of those states that have considered the question, a clear majority have not allowed stacking of enhancement statutes in this case. *State v. Chapman*, supra; *State v. Keith*, supra; *People v. Vernon*, 83 Misc.2d 1025, 373 N.Y.S.2d 314 (N.Y.Sup.Ct.1975); *Ex Parte Boatwright*, 216 Cal. 677, 15 P.2d 755 (1932); *State v. Smith*, 12 Ariz.App. 272, 469 P.2d 838 (1970); *State v. Sanders*, 337 So.2d 1131 (La.1976). Only two states appear to have allowed it: *Commonwealth v. Grimes*, 698 S.W.2d 836 (Ky. 1985); *Woods v. State*, 471 N.E.2d 691 (Ind.1984).

. . . . .

"All the state courts that have dealt with the issue have done so through statutory construction. When stacking is disallowed courts have employed various construction rules: statutes authorizing a more severe punishment are deemed highly penal and therefore must be strictly construed, *State of New Mexico v. Keith*, supra; ambiguities in the construction of criminal statutes are resolved in favor of the rule of lenity.

. . . . .

"In sum, other courts have generally concluded on the basis of legislative intent that stacking a specific and general statute is impermissible. Applying the same rules of construction, we believe our own legislature did not intend the two statutes to be used together.

. . . . .

*"By applying these rules of construction we are satisfied the legislature did not intend this specific criminal enhancement statute should be coupled with our general criminal enhancement statute for the resulting purpose of creating a greater sentence than if either statute had been applied singly.* (Emphasis added.)

. . . . .

"We make one further point, noting first that the felony in this case which would have triggered the general habitual offender statute was otherwise only a misdemeanor and became a felony simply by virtue of repetition. Using a felony of this nature for habitual offender purposes is specifically condemned by the ABA." (Citing American Bar Association, Standards for Criminal Justice, Second Edition, Vol. III. (1980) § 18–4.4, p. 290.)

In *Goodloe v. Parratt*, 605 F.2d 1041, 1048 (8th Cir.1979), the court said:

"[S]everal states have held that penalty enhancement provisions set forth for subsequent offenses of specific crimes must be used when applicable *instead* of sentencing under a general recidivist statute, which would imply that both statutes may not be used for double penalty enhancement in sentencing for one offense. All the state court decisions invalidating double penalty enhancement employ canons of statutory construction such as: an habitual offender statute must be strictly construed, because it is penal; a specific statute (e.g., subsequent specific offense statute) controls over a more general one (e.g. habitual criminal statute); and a subsequent offense statute based upon a specific crime cannot create a 'true' felony, for purposes of an habitual offender statute, because it does not define an offense, but merely increases punishment upon a second or subsequent conviction of the same offense." (Emphasis in original.)

In *State v. Treadway*, 558 S.W.2d 646, 652–653[15] (Mo. banc 1977), our supreme court said:

"In construing a penal statute, the general rule is that a criminal statute must be construed liberally in favor of the defendant and strictly against the state.

" 'It is an ancient rule of statutory construction and an oft-repeated one that penal statutes should be strictly construed against the government or parties seeking to exact statutory penalties and in favor of persons on whom such penalties are sought to be imposed. When the law imposes a punishment which acts upon the offender alone, and it is not a reparation to the party injured, and the punishment is entirely within the discretion of the law giver, it will not be presumed that the legislature intended the punishment to extend farther than is expressly stated.

\* \* \* \* \* \*

"And as a corollary of the rule, in case of doubt concerning the severity of the penalty prescribed by a statute construction will favor a milder penalty over a harsher one.' 3 Sutherland, Statutory Construction § 59.03 (4th ed.1974)."

In *State v. Smith*, 591 S.W.2d 263 (Mo.App.1979), the court of appeals was confronted with a problem similar to the one here, although the two statutes there involved have since been repealed. One statute, § 564.440 RSMo 1969, dealing with the offense of driving while intoxicated, provided that any person who committed that offense was guilty of a misdemeanor on conviction of the first two violations thereof, and a felony for conviction of the third and subsequent violations thereof. That statute contained a maximum punishment "for the third and subsequent violations."

The other statute in *Smith* was § 556.280 RSMo 1969, the Second Offender Act. The court held that the intent of the

legislature was to exclude from the Second Offender Act offenses proscribed by statutes which contain their own provisions for enhancing punishment and that the Second Offender Act was not applicable to a defendant convicted of a third offense of driving while intoxicated. At p. 267 the court said:

"A tinge of legal irony surfaces when one considers that a single event, driving while intoxicated for a third time, could otherwise have the dual effect of simultaneously (1) creating a felony where otherwise the conduct would constitute a misdemeanor and (2) invocation of the sentencing procedure of the Second Offender Act so as to substitute judicial assessment of punishment for jury assessment. Under such circumstances, the possibility of double enhancement of punishment for a single statutorily prescribed offense is more than a faint specter. *It is logical to assume that the legislature chose to avoid this ironical result by excluding any statutorily prescribed offense which might contain its own provisions for enhanced punishment for subsequent violations.* The view that a penal statute proscribing certain conduct and also providing for enhanced penalties for subsequent violation may be such a complete code of penalties as not to contemplate or admit of application of the Second Offender Act is not as novel as it may initially sound. See, e.g.: *State v. Lujan,* 76 N.M. 111, 412 P.2d 405, 408 (1966); *State v. Lard,* 86 N.M. 71, 519 P.2d 307, 310 (N.M.App.1974); and *State v. Edwards,* 317 S.W.2d 441, 448, footnote 1 (Mo. banc 1958)." (Emphasis added.)

The holding in *Smith* was cited with approval and followed in *State v. Acton,* 594 S.W.2d 347 (Mo.App.1980).

Section 570.040.1 applies literally to the instant situation. Defendant was previously convicted of stealing two times and, at the instant trial, he was convicted of stealing. Under the express language of that statute defendant is guilty of a Class C felony and shall be punished accordingly. The authorized term of imprisonment for a Class C felony is a term not to exceed seven years. § 558.011.1(3).

Section 570.030 defines certain acts which, if committed, make the specific stealing a Class C felony. Stealing is a Class A misdemeanor if it is not committed in the manners specifically enumerated. Stealing therefore may be, depending upon the circumstances, a Class C felony or a Class A misdemeanor.

Section 570.040, dealing with the third conviction of stealing, does not differentiate between stealing as a Class C felony or stealing as a Class A misdemeanor so far as either of the two prior stealing convictions is concerned. Section 570.040 does require three stealing convictions and the third conviction becomes a Class C felony by reason of the existence of the two prior stealing convictions.

By enacting § 570.040, the legislature has expressed its intention to authorize imprisonment for a three-time thief up to a maximum of seven years. The situation of a three-time thief has been dealt with specifically by that statute. To permit the trial court to invoke § 558.016 and to deal with a three-time thief as a persistent offender *solely because of his two prior stealing convictions,* coupled with his present offense (which standing alone would be a misdemeanor), would permit a general statute to override a specific statute and would run afoul of the rule of lenity.

MAI–Cr.3d 324.02.1 contains the Missouri approved instruction on stealing without consent. Paragraphs First, Second and Third hypothesize the conduct of defendant in committing the offense on trial, including a description of the property taken, the fact that defendant acted without the consent of the owner, and the requisite larcenous intent. Paragraph Fourth of that instruction submits the offense on trial as a Class C felony and hypothesizes the factors which make it such. Paragraph Fourth is omitted if the offense is submitted as a Class A misdemeanor. The instruction then requires the jury, upon a finding of guilty, to assess and declare "one of the following punishments" and the range of punishment is then inserted.

Note 7 of the Notes on Use to MAI–Cr.3d 324.02.1 reads: "If the defendant has been charged and is being tried for a third offense under the provision of Section 570.-040, RSMo, omit paragraph Fourth. *The range of punishment will be given for a Class C felony.*" (Emphasis added.)

Note 7 and § 557.036.2 required, in the case at bar, that the jury fix the punishment, and that punishment, so far as imprisonment is concerned, could not exceed seven years. § 558.011.1(3).

█ This court holds that where, as here, defendant is convicted of stealing, and where the only prior convictions are two convictions for stealing, the enhancement penalty provided in § 570.040 is exclusive and defendant may not be punished, on the basis of the same two prior convictions, as a persistent offender under § 558.016. This court also holds that the trial court erred in failing to instruct the jury as to the range of punishment authorized by statute and, upon a finding of guilty, to assess and declare the punishment as a part of their verdict, contrary to the mandate of § 557.036.2.

The judgment is reversed and the cause remanded for new trial without application of § 558.016. It is so ordered.

PREWITT, J., concurs.

MAUS, J., dissents (dissenting opinion filed).

MAUS, Judge, dissenting.

I dissent. I acknowledge the rules of statutory construction cited in the majority opinion. However, I believe that, when § 570.040 is considered as a part of the Criminal Code, those rules are subordinate to other rules of construction which control the disposition of this case. Those controlling rules have received the following expressions.

"The primary rule of statutory construction in a situation such as this is to ascertain and give effect to the legislative intent. In doing so the entire legislative act must be considered and all provisions must be harmonized if reasonably possible. Every word, clause, sentence, and section of an act must be given some meaning unless it is in conflict with the ascertained legislative intent." *State v. Burgin,* 654 S.W.2d 627, 630 (Mo.App.1983).

"First, we consider the plain meaning of the language used." *Sours v. State,* 603 S.W.2d 592, 598 (Mo. banc 1980).

"The canon of strict construction of criminal statutes is well recognized. However, that canon is not to be applied inflexibly, to override all other considerations." *State v. Daugherty,* 744 S.W.2d 849, 852 (Mo.App.1988).

Section 557.036 (Role of court and jury in sentencing), § 558.016 (Extended terms for persistent or dangerous offenders—definitions), § 570.030 (Stealing—penalties) and § 570.040 (Stealing, third offense) were adopted as a part of the Criminal Code. They are to be harmonized if reasonably possible. "The principle of construing statutes harmoniously when they relate to the same subject matter is all the more compelling when they are enacted at the same session of the General Assembly." *State v. Holmes,* 654 S.W.2d 133, 135 (Mo.App. 1983).

These principles have been applied to hold that the court is authorized to extend the term of a persistent sexual offender. *State v. Burgin,* supra. They were applied in *State v. Arbeiter,* 664 S.W.2d 566 (Mo. App.1983) to hold that § 558.016, providing for sentencing by the court, is applicable to possession of marijuana, second offense. Cf. *State v. LaPlant,* 673 S.W.2d 782 (Mo. banc 1984). These principles were also applied in *State v. Cooper,* 712 S.W.2d 27 (Mo.App.1986), a case presenting a factual situation remarkably similar to the instant case. In *Cooper* a defendant was sentenced to life imprisonment upon a charge of escape. Escape was a misdemeanor unless enhanced to a class A felony by the use of a deadly weapon, § 575.210. Yet the court held the defendant was in the same action properly convicted and punished for armed criminal action based upon that use of a deadly weapon. In so holding the court said: "To us, subjecting defendant to cumulative penalties for multiple

felonies committed through the use of a dangerous instrument or deadly weapon simply carries out and is consistent with this intent and the statutory scheme." *Cooper*, at 32. In a similar case the defendant argued "§ 569.020 RSMo.1979, defining robbery, first degree, 'creates an enhancement for the use of a weapon, and, therefore, a second enhancement statute [§ 571.015 RSMo.1979, armed criminal action] for the same weapon is constitutionally infirm.'" The court responded, "We disagree." *State v. Kirksey*, 725 S.W.2d 611, 614 (Mo.App.1987).

In part § 557.036 provides "4. If the defendant is found to be a ..., persistent offender, ... as defined in section 558.016, RSMo: (1) If he has been found guilty of a class B, C, or D felony, the court shall proceed as provided in section 558.016, RSMo, ..." Section 558.016 in part provides "1. The court may sentence a person who ... has been found guilty of a class C, ... felony ... to an extended term of imprisonment if it finds the defendant is a persistent offender...." Section 558.016.3 defines a "persistent offender" as "... one who has pleaded guilty to or has been found guilty of two or more felonies committed at different times." Section 570.040 declares "Every person who has been previously convicted of stealing two times, and who is subsequently convicted of stealing is guilty of a class C felony and *shall be punished accordingly*." (Emphasis added.) There is nothing ambiguous about the terms "felony" or "felonies" as used in § 557.036 or § 558.016. Those terms in plain language include the class C felony of stealing, third offense. It is my opinion that § 570.040, also in plain language, declares that the third conviction for stealing shall be punished as any other class C felony. This includes the imposition of an extended term if the defendant is a persistent offender. I find no basis to distinguish one persistent offender from another. To do so is to disregard the language used by the legislature and what I believe is the evident intent of the legislature. The above construction conforms to the mandate that the cited statutes are to be construed harmoniously.

Contrary to the implication of some of the authorities cited in the majority opinion, there is no per se condemnation of so called "double enhancement". *State v. Cooper*, supra. The statutory definitions of many crimes provide that the presence of an element in addition to the basic elements of an offense enhances the grade of or punishment for that offense. The following are examples of such crimes and the enhancing element. False imprisonment—removal of restrained person from the state, § 565.130. Forcible rape—use of deadly weapon or part of multiple assault, § 566.030. Sexual assault in the first degree—serious physical injury or displays a deadly weapon, § 566.040. Tampering with utility meter—second or subsequent violation, § 569.090. Armed criminal action—repetitive offense, § 571.015. Escape—use of a deadly weapon or holding a hostage, § 575.210.

Yet, it is clear that even though the presence of the additional element enhances the grade of such offense, the offender may be punished as a prior, persistent or dangerous offender under § 558.016. The same principle is applicable to uphold a conviction for an underlying felony and for armed criminal action based upon the same events. *State v. Kirksey*, supra. Where the legislature has so intended there is no constitutional bar to the imposition of multiple punishments for one offense in a single trial. *Missouri v. Hunter*, 459 U.S. 359, 368, 103 S.Ct. 673, 679, 74 L.Ed.2d 535, 543 (1983).

Factors may establish a legislature did not intend multiple punishments or enhancement. Such factors may include the following. A priority in time or the sequence in which applicable statutes are passed. Admissible evidence of a contrary legislative intent. An irreconcilable conflict between the applicable statutes. The fact the offense in question is not a part of the general Criminal Code. The fact the provisions for enhancement contain complete directions for the punishment of the basic and enhanced offenses. Cf. *State v. Williams*, 693 S.W.2d 125 (Mo.App.1985).

For example, *Busic v. United States*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980), cited in the majority opinion, in finding a contrary legislative intent relies upon a priority in adoption and evidence of such contrary intent in the *Congressional Record*. In *State v. Smith*, 591 S.W.2d 263, 265 (Mo.App.1979), the offense of DWI, third conviction, was defined outside the Criminal Code. The Second Offender Act then in force provided for judge sentencing and enhancement only "(1) *If the subsequent offense be such that, upon a first conviction, the offender could be punished by imprisonment in the penitentiary, ...*." In *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988), the court was dealing with a repetitive driving while intoxicated offense defined in a separate section of the statutes which contained a complete range of punishment. The court cited as authority a number of cases, without regard to the facts or legislative history. Upon that basis the court condemned "stacking" enhancement provisions and refused to apply the habitual offender statute even though the defendant had been convicted of "four felonies unrelated to DWI charges." *Lawson*, 746 S.W.2d at 545. That rationale would bar the punishment of a defendant convicted of forcible rape by a deadly weapon as a persistent offender. I do not find *Lawson* persuasive. The same is true of *Goodloe v. Parratt*, 605 F.2d 1041 (1979). In that opinion the case was remanded for the defendant to raise the issue of legislative intent in the state court.

Notes on Use 7 to MAI–CR 3d 324.02.1 does not mandate that in the submission of stealing—third offense the jury will be instructed concerning the range of punishment and to assess the punishment when it has been established the defendant is a prior or persistent offender. MAI–CR 3d 304.08 directs otherwise.

In summary, I believe the statutes applicable by their terms must be harmoniously construed. Those statutes were reconciled in a recent case in which the nature of the prior felonies was not considered.

"Although the basic stealing offense charged was a misdemeanor, by Section 570.040 RSMo 1978 a third offense, as here, is deemed a class C felony. By Section 558.016.6(3) RSMo Supp.1952, a class C felony by a persistent offender is punishable by 15 years in prison. Thus the punishment here was authorized by statute." *State v. Van*, 665 S.W.2d 373, 374 (Mo.App.1984).

Also see *State v. Wade*, 666 S.W.2d 869 (Mo.App.1984); *Woods v. State*, 471 N.E.2d 691 (Ind.1984); *State v. Kirksey*, supra; *State v. Cooper*, supra. I would affirm the conviction.