The Honorable Lu Hardin State Senator 260 Hilltop Drive Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following question:
 If an individual is convicted of a DUI offense under the provisions of Act 863 and then, after the individual turns 21 years of age, is convicted of DWI under Arkansas Code Annotated Section 5-65-103, is the Act 863 conviction a "valid prior conviction" for enhancement of punishment purposes?
In my opinion, the answer to your question is, in all likelihood, "no."
Act 863 of 1993, known as the Underage Driving Under the Influence Law, is codified at A.C.A. §§ 5-65-301 to -311 (Cum. Supp. 1993). It largely mirrors the provisions of the Omnibus DWI Act, A.C.A. 5-65-101 et seq., but makes it unlawful for a person under the age of twenty-one years to operate or be in actual physical control of a motor vehicle with an alcohol level of 0.02% to 0.10%. The alcohol level at which an individual is automatically deemed to violate the provisions of the Omnibus DWI Act, Section 5-65-103, is 0.10 percent.
In determining whether a conviction under Act 863 (A.C.A. §5-65-303) may be considered a valid prior conviction for purposes of enhancing punishment for a subsequent conviction under the Omnibus DWI Act (A.C.A. § 5-65-103), it should first be noted that Act 863's application to juveniles does not in itself appear to preclude convictions thereunder from being used as prior convictions for enhancement purposes. Findings of guilt and guilty pleas under the Act (§ 5-65-303) are consistently referred to and treated therein as convictions rather than adjudications.See A.C.A. §§ 5-65-304, -305, -310 (Cum. Supp. 1993). Thus, it is my opinion that the question must be decided simply by determining whether Act 863 and the Omnibus DWI Act would permit the use of an Act 863 conviction to enhance punishment for a subsequent conviction under the Omnibus DWI Act.
Neither of the two Acts specifically addresses this question; thus, I must attempt to discern the legislature's intent with respect to the issue. In determining the legislature's intent with respect to the similar question of whether convictions under the former DWI Act could be used to enhance punishment for convictions under the Omnibus DWI Act, A.C.A. § 5-65-101 et seq. (1987), the Arkansas Supreme Court in Lovell v. State,283 Ark. 425, 678 S.W.2d 318 (1984), relied upon language in the Omnibus DWI Act specifically authorizing the practice. See A.C.A. §5-65-101(c) (1987). The court also pointed out that the requisite alcohol level for both offenses was 0.10 percent. As there is no language specifically authorizing the use of a conviction under Act 863 to enhance punishment for a subsequent conviction under the Omnibus DWI Act, and because there is a significant difference in the alcohol levels recognized as punishable in the two Acts, a court, if faced with the question, would very likely conclude that the legislature did not intend such use of an Act 863 conviction. The fact that the legislature provided conversely in Act 863 that a conviction under the Omnibus DWI Act can be used to enhance punishment for a conviction under Act 863, see
A.C.A. §§ 5-65-304(a)(5) and -305(b) (Cum. Supp. 1993), would lend support to this conclusion, indicating that the legislature considered the use of prior convictions for enhancement purposes in connection with the two Acts and, apparently, decided against authorizing the use of a conviction under Act 863 to enhance punishment for a conviction under the Omnibus DWI Act.
Accordingly, it is my opinion that the legislature did not intend for convictions under Act 863 to be used to enhance punishment for subsequent convictions under the Omnibus DWI Act. My opinion is buttressed by the well-established rule that penal statutes must be strictly construed with all doubts resolved in favor of the defendant. Lawson v. State, 295 Ark. 37, 746 S.W.2d 544
(1988).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely,
WINSTON BRYANT Attorney General
WB: cyh