STATE of Missouri, Plaintiff/Respondent,

v.

Troy BUTLER, Defendant/Appellant.

Troy BUTLER, Movant/Appellant,

v.

STATE of Missouri, Respondent/Respondent.

Nos. 65561 & 67226.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 8, 1995.

Talat M. Bashir, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Christine M. Kocot, Asst. Atty. Gen., Jefferson City, for respondent.

CRANE, Chief Judge.

A jury found Troy Butler guilty of trafficking drugs in the second degree in violation of § 195.223 RSMo 1994, possession of a controlled substance (cocaine) in violation of § 195.202, and possession of drug paraphernalia in violation of § 195.233. The jury failed to reach a verdict on two additional counts of possession of a controlled substance, resulting in a mistrial on these counts. The trial court found Butler to be a prior offender and a prior drug offender and sentenced him to fifteen years imprisonment on each of the trafficking and cocaine possession counts and one year on the possession of drug paraphernalia, all terms to be served concurrently. Butler filed a Rule 29.15 motion for post-conviction relief which was denied without an evidentiary hearing. Butler appeals the judgments of the trial court and of the motion court. We have consolidated these appeals.

On appeal, Butler asserts the trial court plainly erred in failing to sever the offenses and in submitting MAI–CR3d 302.04 on reasonable doubt. On appeal from the motion court, Butler claims the sentencing court lacked jurisdiction to sentence him as a prior drug offender and a prior offender based on the same previous guilty plea. Butler also contends that he was denied effective assistance of counsel because his trial counsel failed to file a motion for new trial and failed to request the jury be instructed pursuant to MAI–CR3d 310.10. We affirm the judgments of both the trial court and the motion court.

## DIRECT APPEAL

Butler did not file a motion for new trial. However, because we must consider the merits of Butler's points on direct appeal in addressing Butler's claim of ineffective assistance of counsel for failure to file a motion for new trial, we will address these points as if they had been raised properly in a motion for new trial. *See State v. Parnell*, 792 S.W.2d 635, 636 (Mo.App.1989).

In his first point on direct appeal, Butler contends that the trial court plainly erred by failing to sever the five different offenses with which he was charged. He claims he was substantially prejudiced because the jury could not distinguish the evidence on the separate charges and improperly considered evidence relating to the other charges which would have been inadmissible in separate trials. Butler did not request severance before the trial court by motion or otherwise. He requests plain error review. Rule 30.20.

■ When a defendant is charged with more than one offense in a single indictment or information, an offense shall be tried separately only if three conditions are met, one of which is the filing of a written motion requesting a separate trial of the offense. Rule 24.07. If no request for severance is made, the trial court must try all offenses properly charged in a single indictment or information to one jury in a single trial. § 545.885 RSMo 1994; *State v. Shubert*, 747 S.W.2d 165, 169–70 (Mo.App.1988). Here the trial court did not err because the statute prohibited the court from severing the offenses in the absence of a motion to sever. Plain error must be based on some error; not just on prejudice. *Shubert*, 747 S.W.2d at 169. In the absence of error, there could be no plain error.

■ Butler next asserts that the trial court plainly erred[1] in submitting MAI–CR3d 302.04 on reasonable doubt. This issue has been thoroughly and repeatedly addressed and rejected by the Missouri Supreme Court. *State v. Griffin*, 848 S.W.2d 464, 469 (Mo. banc 1993); *State v. Twenter*, 818 S.W.2d 628, 634 (Mo. banc 1991). This court is constitutionally bound to follow the last controlling decision of the Supreme Court of Missouri. *State v. Dunn*, 889 S.W.2d 65, 73 (Mo.App.1994). There was no error, plain or otherwise.

### POST–CONVICTION APPEAL

■ For his appeal from the motion court's denial of relief under Rule 29.15, Butler first claims that the trial court lacked jurisdiction to sentence him as a prior offender and as a prior drug offender on the cocaine possession offense because the trial court used the same previous felony conviction to find he was both a prior offender and a prior drug offender. In this same point he also asserts, but does not develop, an argument that the court violated his due process rights.[2]

Possession of a controlled substance is a class C felony with an authorized term of imprisonment of seven years. § 195.202.2. A "prior offender" is one who has pleaded guilty or has been found guilty of one felony. § 558.016.2 RSMo 1994. A prior offender is sentenced by the court without an advisory verdict from the jury. §§ 558.016; 557.036.5 RSMo 1994. A "prior drug offender" is one who has previously pleaded guilty to or has been found guilty of a felony offense relating to controlled substances. § 195.275.1(1) RSMo 1994. A prior drug offender found guilty of a violation of § 195.202.2 must be sentenced to the authorized term for a class B felony. § 195.285.1 RSMo 1994. The authorized term for a class B felony is a term not less than five and not more than fifteen years. § 558.011.1(2) RSMo 1994. Pursuant to these provisions the trial court, without an advisory jury verdict, sentenced Butler to a term of fifteen years for possession.

■ Where two sentence enhancement statutes apply, a sentencing court may apply both when the plain language of the statutes permits application of both. *State v. Ewanchen*, 799 S.W.2d 607, 609 (Mo. banc 1990). This case involves application of a sentencing enhancement statute and a statute which takes sentencing from the jury. The plain language analysis is likewise applicable. Here the plain language permits both statutes to be applied. In the statute defining a prior drug offender, the legislature provided that the enhancement provision of § 195.285 "shall not be construed to affect and may be used in addition to the sentencing provisions" of § 558.016. Accordingly, the same prior conviction may be used to find a defendant to be a "prior offender" so that sentencing is by the court and to find the same defendant to be a "prior drug offender" to enhance punishment under § 195.285.1.

Butler argues that *State v. Dowdy*, 774 S.W.2d 504 (Mo.App.1989) prohibits the trial court from using the same guilty plea both to take the sentencing from the jury under § 558.016 and to enhance his sentence under § 195.285.1. Butler's reliance on *Dowdy* is misplaced. In *Dowdy*, the court applied the

---

1. Butler did not object to this instruction at trial.

2. Because Butler cites no cases and makes no argument in support of his due process claim, we need not review it. *State v. Ewanchen*, 799 S.W.2d 607, 608–09 (Mo. banc 1990).

rule of statutory construction that a specific statute controls over a general statute and held that the enhancement provision in § 570.040, which relates only to stealing, is exclusive. *See also Wright–El v. State,* 890 S.W.2d 664, 671 (Mo.App.1994). However, the Supreme Court has declined to follow this approach in construing other enhancement statutes, and has looked instead to the plain language of the enhancement statutes in question. *Ewanchen,* 799 S.W.2d at 609. In this case *Dowdy* and its progeny have no application because the drug enhancement statute specifically provides for the application of the general enhancement statute. This point is denied.

■ Butler next contends he was denied effective assistance of counsel because his trial counsel failed to file a motion for a new trial. The motion court found that Butler did not allege in his motion any grounds that could have been raised in a new trial motion and also failed to state why any such grounds would be meritorious. The motion court concluded that Butler failed to plead and prove any prejudice from trial counsel's failure to file the motion.

■ For a movant to establish ineffectiveness of counsel he must show that his attorney failed to exercise the customary skill and diligence that a reasonable, competent attorney would perform under similar circumstances and that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984); *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987). If a movant makes an insufficient showing on either the deficient performance component or the prejudice component, the court need not address the other component. *State v. Flenoid,* 838 S.W.2d 462, 470 (Mo.App.1992). For a defendant to be entitled to an evidentiary hearing on the issue of ineffective assistance of counsel, defendant must plead facts, not conclusions, which, if true, would warrant relief. *Id.*

Butler has not shown that counsel's failure to file a motion for new trial prejudiced him. *Parnell,* 792 S.W.2d at 636. In his motion he concluded that he was prejudiced because no errors were preserved for appellate review,

but he did not state any specific error which, if preserved, would have merit on appeal. Moreover, Butler's direct appeal only presents two assertions of plain error. Even if these points had been raised properly in a motion for a new trial, they were not otherwise properly preserved and have no merit. Butler has shown no prejudice resulting from trial counsel's failure to file a motion for new trial.

■ Butler next asserts that his counsel was ineffective for failing to request jury instruction MAI–CR3d 310.10 because Butler testified about his prior guilty plea. He contends his counsel had a duty to submit the instruction because "his client's credibility was dismissed by his own admissions of a prior offense."

Butler testified at trial. On direct examination his attorney elicited from him the fact that in 1987 he had pleaded guilty to possession, that he had been placed on probation, and that he had not since been convicted of any crime. On cross-examination Butler testified that the substance possessed was Phencyclidine. Butler did not testify further to that guilty plea before the jury.

Both Butler's counsel and the state tendered proposed instructions. The record reflects that Butler's counsel tendered MAI–CR3d 310.06, relating to a defendant's statements, which the court gave, and MAI–CR3d 310.08, relating to presence at or near the scene, which the court refused. Butler's counsel objected only to the refusal to give MAI–CR3d 310.08.

Butler now complains that his attorney was ineffective for failing to request MAI–CR3d 310.10. This instruction provides:

**310.10 IMPEACHMENT OF DEFENDANT BY CONVICTION OF "UNRELATED CRIMES" SHOWN SOLELY FOR THE PURPOSE OF IMPEACHMENT**

If you find and believe from the evidence that defendant (was convicted of) (was found guilty of) (pled guilty to) (pled nolo contendere to) the offense of [*specify the offense* ], you may consider that evidence for the sole purpose of deciding the believ-

ability of the defendant and the weight to be given to his testimony and for no other purpose. (You must not consider such previous (conviction) (finding of guilt) (plea of guilty) (plea of nolo contendere) as any evidence that the defendant is guilty of any offense for which he is now on trial.)

Notes on Use 2 to this instruction provides:

This instruction should be given only where the evidence of the prior conviction, plea of guilty, plea of nolo contendere, or finding of guilt was admitted for the purpose of impeaching the defendant. It must be given if requested by either party. The last sentence in parentheses may be given only if requested by the defendant regardless of which party requested the instruction.

The record discloses that Butler's credibility was a major issue at trial. The state put on evidence that at the time it executed a search warrant at an apartment where drugs were being sold, an officer advised Butler of his *Miranda* rights after which Butler made a statement admitting the drugs were his. Butler testified that he was not advised of his rights and made no statements. In closing argument the prosecutor attacked Butler's credibility and specifically argued that Butler's story changed and pointed out various inconsistencies. Defense counsel argued that without the statement there was nothing to link Butler with the drugs. The first sentence of MAI–CR3d 310.10 would have hurt the defense's position because it instructs the jury that it can consider the prior guilty plea for the purpose of deciding defendant's believability and the weight to be given his testimony. The decision not to tell the jury that it could use the guilty plea in considering defendant's credibility and thereby further damage defendant's credibility was an objectively reasonable choice under these circumstances.

The record also discloses defense counsel's strategy to ignore the guilty plea. He did not refer to it in his closing argument even though he advised the jury that it should not consider defendant's possibly distasteful lifestyle in its deliberations. As part of sound trial strategy, counsel may decide not to request MAI–CR3d 310.10 to avoid

underscoring the prior guilty plea. *State v. Shurn,* 866 S.W.2d 447, 469 (Mo. banc 1993), *cert. denied,* —— U.S. ——, 115 S.Ct. 118, 130 L.Ed.2d 64 (1994).

An objectively reasonable choice not to submit an available instruction does not constitute ineffective assistance of counsel. *Id.; Love v. State,* 670 S.W.2d 499, 502 (Mo. banc 1984); *Ellis v. State,* 773 S.W.2d 194, 199 (Mo.App.1989).

An evidentiary hearing is not required if the motion, files, and records of the case conclusively show that the movant is not entitled to relief. *Flenoid,* 838 S.W.2d at 470. A consideration of the record as a whole can demonstrate that an alleged dereliction was in fact a part of trial strategy and no evidentiary hearing is necessary. *State v. Lacy,* 851 S.W.2d 623, 631–32 (Mo.App.1993). The record reveals that MAI–CR3d 310.10 would have negatively affected the defense of this case. On the other hand, counsel did request instructions that furthered the defense strategy. Counsel's decision not to request MAI–CR3d 310.10 was an objectively reasonable choice demonstrated by the record as a whole. No evidentiary hearing was required.

The judgments of the trial court and of the motion court are affirmed.

SIMON and GRIMM, JJ., concur.