

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–13–298

| | |
|---|---|
| MARKEITH STUBBLEFIELD<br>APPELLANT | **Opinion Delivered** December 11, 2013 |
| V. | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, FOURTH DIVISION<br>[NO. CR-11-4314] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HERBERT WRIGHT, JUDGE |
| | AFFIRMED |

## DAVID M. GLOVER, Judge

Markeith Stubblefield was tried by the court and found guilty of the offenses of first–degree murder and being a felon in possession of a firearm. He was sentenced to thirty years on the first-degree murder conviction, with a concurrent term of twenty years for being a felon in possession of a firearm. In addition, he was sentenced to terms of five years on each charge pursuant to the firearm-enhancement statute, Ark. Code Ann. § 16-90-120(a), for using the firearm to kill the victim; the five-year enhancements were ordered to run concurrent with each other and consecutive to the underlying sentences. His total sentence amounted to thirty-five years in the Arkansas Department of Correction, with 397 days' jail credit.

Stubblefield raises two points of appeal, neither of which challenges the sufficiency of the evidence supporting his conviction:

    I.      The five-year enhanced sentence of imprisonment imposed on him for having employed a firearm to commit being a felon in possession of a firearm who used

the firearm to commit another offense is an illegal sentence prohibited by *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988).

II.     The two five-year firearm-enhancement sentences of imprisonment that were imposed on him pursuant to Ark. Code Ann. § 16-90-120 (a)-(b) were illegal because section 16-90-120 no longer existed after the effective date of the Arkansas Criminal Code, which was January 1, 1976.

Neither of these points was raised below, but because they each challenge the legality of his sentences, this court will hear them for the first time on appeal.  *Donaldson v. State*, 370 Ark. 3, 257 S.W.3d 74 (2007).   We find no merit in the arguments and affirm.

I.

For his first point of appeal, Stubblefield contends that the "twenty-five-year sentence of imprisonment imposed on [him] as punishment for being a felon in possession of a firearm resulted from the stacking of punishment-enhancement statutes."  He asserts that

the State obtained an offense-specific enhancement by proving that he was a felon in possession of a firearm who used the firearm to commit first-degree murder and the State obtained a second general enhancement (an enhancement applicable to any defendant who employs a firearm to commit any felony) by proving that he employed a firearm to commit the felony of being a felon in possession of a firearm who used the firearm to commit first-degree murder[, and that] [s]uch double enhancement sentencing is prohibited by *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988).

We disagree.  Arkansas Code Annotated section 5-73-103(a)(1) (Supp. 2011) provides that no person shall possess or own any firearm who has been convicted of a felony.  The statute further provides that a "person who violates this section commits a Class B felony if . . . (B) The person's current possession of a firearm involves the commission of another crime[.]" § 5-73-103(c)(1)(B).  Section 16-90-120(a) provides that a person who is convicted of a felony and who employs a firearm "as a means of committing or escaping from the felony, in the discretion of the sentencing court, may be subjected to an additional period of

2

SLIP OPINION

confinement in the state penitentiary for a period not to exceed fifteen (15) years." Section 16-90-120(b) provides:

> The period of confinement, if any, imposed under this section shall be in addition to any fine or penalty provided by law as punishment for the felony itself. Any additional prison sentence imposed under the provisions of this section, if any, shall run consecutively and not concurrently with any period of confinement imposed for conviction of the felony itself.

In *Lawson*, our supreme court was dealing with the situation where Lawson was charged with driving while intoxicated, and at the time of his trial he "had at least three prior DWI offenses within three years of the DWI for which he was charged, and at least four prior felony convictions not related to DWI." 295 Ark. at 38, 746 S.W.2d at 544. Our supreme court framed the issue before it as "whether our DWI enhancement statute can be coupled with our general habitual-offender statute for sentencing on the same offense." *Id.* It concluded that the legislature did not intend for "this specific criminal enhancement statute [to be] coupled with our general criminal-enhancement statute for the resulting purpose of creating a greater sentence than if either statute had been applied singly." *Id.* at 41-42, 746 S.W.2d at 546. The court further noted that the felony in *Lawson* that would have triggered the general habitual-offender statute was otherwise only a misdemeanor and became a felony simply by virtue of its repetition. The judgment was therefore reversed and remanded with directions to reduce the sentence to the maximum under the Omnibus DWI Act.

In *Hadley v. State*, 2010 Ark. App. 515, at 2-3, our court discussed the *Lawson* case, explaining why it was not applicable under the facts of that case:

> Appellant's argument is based on *Lawson v. State*, . . . . There, the supreme court held that it was impermissible to stack the sentence enhancement for fourth-offense driving while intoxicated with the general habitual-offender enhancement

3

statute. The basis for this holding was the notion that misdemeanors, such as Lawson's first three DWI convictions, should not be allowed to substitute for one of the predicate felony convictions used to establish habitual-offender status.

*Lawson* does not apply to the present case because possession of a firearm by a felon is *always* a felony—Class D for simple possession of a firearm by a felon and Class B if one of the prior convictions was for a violent felony or if the firearm possessed was employed in the commission of another crime. The only way that "Possession of Firearms by Certain Persons" can be a misdemeanor offense is if the firearm is possessed by a person who has been adjudicated mentally ill or committed to a mental institution. . . . *See also Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005).

Furthermore, Ark. Code Ann. § 5-73-103(c)(1)(B) is simply not an enhancement statute. Felon in possession is a proscription against the possession of objects that, to certain classes of people, are effectively contraband. A greater punishment is allowed if the contraband possessed is employed in the commission of another offense because the additional element of committing a separate offense while in possession of a firearm constitutes a greater crime than simple possession. We see no conceptual difference between this distinction and the distinction made that permits greater punishment for aggravated robbery than for simple robbery. The Arkansas Supreme Court recognized this distinction in *Williams v. State, supra*, where it rejected the argument that aggravated robbery was nothing more than a sentence enhancement provision for robbery, reasoning that aggravated robbery was a "stand-alone" offense as opposed to "enhancement due to the commission of prior offenses of the same type," and that no enhancement from misdemeanor to felony status was involved in that case. The employment of the proscribed weapon to commit robbery in the present case was likewise an independent offense rather than an enhancement based on prior possessory offenses.

Here, the State summarizes its position by stating, "[I]t is settled that Class B felony felon-in-possession is not a sentence enhancement [and because] appellant's sentence for that offense was not enhanced by the statute defining the crime, the trial court did not err by applying the enhancement in § 16-90-120(a) for using a firearm to commit a felony." We agree. Stubblefield's reliance upon *Lawson* is misplaced, and the sentence imposed by the trial court was not illegal.

II.

For his final point of appeal, Stubblefield contends that the two five-year firearm-enhancement sentences of imprisonment that were imposed on him pursuant to Arkansas Code Annotated sections 16-90-120(a) and (b) were illegal because section 16-90-120 no longer existed after the effective date of the Arkansas Criminal Code, which was January 1, 1976.

The State explains that this argument has been persistently raised by Stubblefield's counsel in other appeals, and that the current state of the law does not support his position. *See Williams v. State*, 364 Ark. 203, 217 S.W.3d 817 (2005). Stubblefield asserts, however, that there is currently pending before our supreme court the case of *Smith v. State*, CR13-20; that he expects our supreme court to hold in that case that the 1969 firearm-enhancement statute was impliedly repealed on January 1, 1976; and that our court will therefore have to reverse and dismiss Stubblefield's two five-year "firearm-enhancement" sentences. We disagree. *Smith v. State*, 2013 Ark. 364, was decided by our supreme court in an opinion handed down on October 3, 2013. The supreme court rejected the argument that Stubblefield makes here, and therefore *Smith* does not compel us to reverse and dismiss his two five-year "firearm-enhancement" sentences.

Affirmed.

HIXSON and WOOD, JJ., agree.

*William R. Simpson, Jr.*, Public Defender, by: *Clint Miller*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.