Darryl BANKS *v.* STATE of Arkansas

CR 03-104                                    125 S.W.3d 147

Supreme Court of Arkansas
Opinion delivered October 16, 2003

*William R. Simpson, Jr.*, Public Defender; *Brandy Turner,* Deputy Public Defender, by: *Erin Vinett*, Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Misty Wilson Borkowski*, Ass't Att'y Gen., for appellee.

Donald L. Corbin, Justice. Appellant Darryl Banks appeals the order of the Pulaski County Circuit Court

convicting him of the felony charge of third-degree domestic batter-ing, second offense, a violation of Ark. Code Ann. § 5-26-305 (Repl. 1997). On appeal, he argues that the twelve-year sentence imposed as a result of that conviction is illegal, because the proof adduced at trial established that he committed third-degree domestic battering, a misdemeanor. This case was certified to us from the Arkansas Court of Appeals as involving an issue of first impression and an issue requiring clarification or development of the law; hence, our jurisdiction is pursuant to Ark. Sup. Ct. R.1-2(b)(1) and (5). We reverse and remand.

On the evening of November 11, 2001, Appellant ap-proached his wife Stacy Banks in a nightclub and told her to go home. After she refused, Appellant approached her again, and both Appellant and his wife were asked to leave the club. Once at home, Appellant and Mrs. Banks began to argue, and Appellant then choked his wife and struck her in the face. He then ran off. Mrs. Banks called 911 and police were dispatched to her home, where they took a statement from her. The next morning, Mrs. Banks tried talking with her husband, but he struck her again. She again called the police, who took a second statement from her and photographed her injuries. Those injuries included a busted lip, some bruising, and scratches around her eyes.

The State filed a felony information against Appellant on December 14, 2001, charging him with one count of domestic battering in the third degree, second offense. The information also alleged that Appellant was a habitual offender.

Appellant was tried before a jury in circuit court on June 26, 2002. Prior to the commencement of the trial, there was a discussion as to whether or not the State should introduce evi-dence of Appellant's prior conviction for domestic battering during the guilt phase of his trial or during the sentencing phase, if Appellant was found guilty. Ultimately, the trial court agreed that the prior conviction should be admitted during the sentencing phase of the trial for purposes of sentence enhancement.

Two witnesses testified on behalf of the State. First, Mrs. Banks testified regarding the events leading up to her injuries and the nature of her injuries. Also testifying was Officer Ivan Smith of the Little Rock Police Department. Officer Smith testified that on the evening of November 11, he received a call regarding an

assault in progress at Appellant's residence. When the officer arrived, he noticed a man fitting Appellant's description running along the wood line next to the trailer park where Appellant and his wife lived. Smith made contact with Appellant and took him into custody. Appellant told Smith that he had been asleep on the couch when his wife came in and started hitting him in the chest. Appellant claimed that he left his residence before he got mad and hit his wife. Smith drove Appellant back to his residence and found Mrs. Banks suffering from a swollen lip and bruised right eye. Smith testified that Mrs. Banks was very upset and crying when he arrived at the residence.

Following the testimony of Smith, the State rested its case. Appellant moved for a directed verdict, arguing that the State failed to show that Mrs. Banks suffered any physical injury. The motion was denied. The defense then rested without presenting any evidence. Appellant's directed-verdict motion was renewed and again denied. The case was then submitted to the jury, which returned a verdict of guilty.

Following the rendering of the guilty verdict, the State introduced into evidence the prior misdemeanor conviction of Appellant for domestic battering in the third degree. The State also introduced evidence of Appellant's prior felony conviction for aggravated assault against a family member and a felony conviction for aggravated assault. The jury then sentenced Appellant to a term of twelve years' imprisonment. This appeal followed.

Appellant's sole argument on appeal is that the trial court erred by imposing an illegal sentence. He bases this argument on the contention that the proof adduced at trial supported a conviction for a misdemeanor charge of domestic battering in the third degree, not a felony charge. He urges that the State was required to introduce evidence of his prior offense of domestic battering during the guilt phase of his trial, as he claims the prior offense is a substantive element of the felony charge of third-degree domestic battering, second offense. Thus, according to Appellant, because he was given an illegal sentence, this issue may not be waived by the parties and may be raised for the first time on appeal. We do not agree with Appellant on this point.

It is true that this court has held allegations of a void or illegal sentence constitute an issue of subject-matter jurisdiction and, as such, cannot be waived by the parties and may be addressed

for the first time on appeal. *Thomas v. State*, 349 Ark. 447, 79 S.W.3d 347 (2002). In the instant case, however, we do not agree that the issue raised by Appellant is one of an illegal sentence; rather, Appellant's argument amounts to a challenge of the appropriateness of the introduction of his prior offenses during the sentencing phase of the trial, as opposed to introducing them during the guilt phase of the trial. In other words, Appellant claims that he was tried and convicted of a misdemeanor, because the State failed to prove the second-offense element of the felony charge during the guilt phase. It is apparent that Appellant has chosen to couch his argument in terms of an illegal sentence, because the issue is not preserved for our review.

Immediately prior to the commencement of this trial, a discussion took place between the trial court and both attorneys. There appeared to be confusion as to whether the State was required to introduce evidence of Appellant's prior misdemeanor conviction in order to prove that this was his second offense. The following colloquy then took place:

> THE COURT: How many priors does he have?
>
> MR. SIPE: He's got two prior aggravated assaults he's on probation for in this court, and they're aggravated assaults against family or household members.
>
> THE COURT: Those are the two you're referring to?
>
> MR. SIPE: The two I'm referring to. And then there's also a misdemeanor.
>
> THE COURT: Well, you know, in the information, we've got to talk about it because you've got to prove it.
>
> MR. SIPE: Well, —
>
> THE COURT: How are you going to do that? You've got to prove this is a second offense.
>
> MR. SIPE: We can — the way I've got a jury instruction — I can show you the jury instruction if you want to see it. The way I have the jury instruction written up is, they first go back and they find him guilty or innocent of

domestic battery, third degree. So I'm not sure that the Court —

THE COURT: Wait a minute.

MR. SIPE: — would have to mention second offense.

THE COURT: Wait a minute. How can they do that if you haven't proved it? Domestic battery, third, is based upon a prior offense.

MR. SIPE: Well, that's the — it's a sentencing enhancement is what we would say it was. We still have to prove a domestic battery, third. We're alleging there was physical injury. It was not serious physical injury.

THE COURT: Okay. So it's not an element that he's previously been convicted?

MR. SIPE: Right. It's just that goes to sentencing only. It enhances the sentencing, the punishment range but does not affect the fact that it's a domestic battery, third.

THE COURT: Okay. Well, see, the information reads, "domestic battery in the third degree, second offense."

MR. SIPE: Well, I'd just ask that maybe that be stricken, that you could strike that when you read that to the jury, or —

THE COURT: Okay. There's no requirement that you prove it's a second offense to get third degree battery?

MR. SIPE: We can get third degree battery, but then we'll provide a prior to you —

THE COURT: Okay. Well, I'm just asking, that's not an element of the crime?

MR. SIPE: No.

Ms. TURNER: No.

THE COURT: To show that you — okay. I'll take that part out. So I'm just going to tell the jury that he's charged with domestic battery in the third degree.

MR. SIPE: Yes, Your Honor.

It is evident from this discussion that counsel for Appellant, Ms. Turner, agreed with the State's position that the prior offense of domestic battering was not an element of the charge that had to be proven during the guilt phase of Appellant's trial. Likewise, Appellant did not object when the circuit court struck the words "second offense" from the felony information and omitted those words when reading the information to the jury. In sum, Appellant agreed that the proper time to admit the evidence of his prior conviction was during the sentencing phase. Appellant's present argument amounts to nothing more than a challenge to the sufficiency of the State's evidence convicting him, but when Appellant made his directed-verdict motions, the only challenge raised was that the State failed to prove that Mrs. Banks suffered a physical injury.

This court has often held that in order to preserve an argument for appeal, there must be an objection in the trial court that is sufficient to apprise the court of the particular error alleged. *Gaines v. State*, 340 Ark. 99, 8 S.W.3d 547 (2000); *Love v. State*, 324 Ark. 526, 922 S.W.2d 701 (1996). More specifically, a motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. *Grady v. State*, 350 Ark. 160, 85 S.W.3d 531 (2002). Because Appellant failed to challenge the sufficiency of the State's evidence regarding the prior offense and, instead, agreed to keep such evidence out during the guilt phase, he cannot now raise that issue to this court. It is axiomatic that a defendant cannot agree with a trial court's ruling and then attack the ruling on appeal. *See, e.g., Camargo v. State*, 346 Ark. 118, 55 S.W.3d 255 (2001); *Bell v. State*, 334 Ark. 285, 973 S.W.2d 806 (1998); *McGhee v. State*, 330 Ark. 38, 954 S.W.2d 206 (1997); *Goston v. State*, 326 Ark. 106, 930 S.W.2d 332 (1996).

Even if the issue was properly before this court, Appellant would still not prevail on this point. This court has never specifi-

cally addressed the issue of whether a prior conviction for domestic battering is an element of the offense of domestic battering, second offense. This court, however, has addressed a similar issue in the context of multiple offenses for driving while intoxicated offenses. In *Hagar v. City of Fort Smith*, 317 Ark. 209, 212-13, 877 S.W.2d 908, 909 (1994), this court stated:

> The prosecution must prove a prior conviction for DWI as an element of the offense of DWI, Second Offense. The prior DWI conviction must be given the status of an element of a subsequent DWI offense because eventually, upon the fourth DWI conviction, the crime charged will change from a misdemeanor to a felony. As stated in *Peters*, the proof of the prior DWI conviction or convictions must come in the punishment phase of a bifurcated trial to protect a defendant from possible prejudice during the guilt phase. Bifurcated proceedings also ensure the protection of a defendant's right to counsel in the prior convictions.

The rationale underlying the multiple offenses in the context of DWI cases can certainly be extended to cases involving multiple domestic batterings. Thus, even though the prior offense is an element that must be proven, it is an element properly proven during the sentencing phase of a bifurcated proceeding, which is precisely what occurred in the instant case. *See also Peters v. State*, 286 Ark. 421, 692 S.W.2d 243 (1985) (holding that the existence of three prior convictions for driving while intoxicated is an element of the felony DWI fourth offense to be proven in the sentencing phase of a bifurcated trial); *State v. Sola*, 354 Ark. 76, 118 S.W.3d 95 (2003) (stating that the State need not prove a defendant's three other DWI offenses in order to determine his guilt on the charge of DWI, fourth offense).

Despite the fact that we do not agree with Appellant on his argument raised in the present appeal, we do note that Appellant's sentence is indeed an illegal one. In this case, the evidence demonstrates that Appellant was convicted of the Class D felony of domestic battering in the third degree, second offense. The maximum penalty allowed for a Class D felony is a term of six years' imprisonment. Here, however, Appellant was sentenced to a term of twelve years' imprisonment after the jury was instructed as follows:

You have found Darryl Banks guilty of the offense of domestic battery in the third degree. It is my duty to instruct you that Darryl Banks has a prior battery conviction against a family or household member. It is also my duty to instruct you that Darryl Banks has two prior felony convictions and is classified as a habitual offender.

The offense of domestic battery in the third degree, when committed by a habitual offender who has previously committed a prior offense of domestic battering, is punishable by imprisonment in the Arkansas Department of Correction for a term of not more than 12 years.

Thus, under this non-model jury instruction, Appellant's six-year sentence was enhanced pursuant to the habitual-offender statute, codified at Ark. Code Ann. § 5-4-501 (Supp. 2001). That statute provides in relevant part:

(a)(1) A defendant meeting the following criteria may be sentenced to an extended term of imprisonment as set forth in subdivision (a)(2) of this section:

(A) A defendant who is convicted of a felony other than those enumerated in subsections (c) and (d) of this section committed after June 30, 1993, and who has previously been convicted of more than one (1) but fewer than four (4) felonies or who has been found guilty of more than one (1) but fewer than four (4) felonies;

. . . .

(2) The extended terms of imprisonment for the defendants described in subdivision (a)(1) of this section are as follows:

. . . .

(E) For a conviction of a Class D felony, a term of not more than twelve (12) years[.]

This enhancement under the habitual-offender provision resulted in an illegal sentence of twelve years' imprisonment being imposed on Appellant.

A similar situation occurred in *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988). At issue in that case was whether it was permissible to stack a specific subsequent-offense penalty-

enhancement statute upon the general habitual criminal statute. This court concluded that is was impermissible. In reaching this conclusion, the court relied on its well-established principles of statutory construction, and held:

> By applying these rules of construction we are satisfied the legislature did not intend this specific criminal enhancement statute should be coupled with our general criminal enhancement statute for the resulting purpose of creating a greater sentence than if either statute had been applied singly. This is in accord with our decision in *Lovell v. State*, 283 Ark. 425, 678 S.W.2d 318 (1985), where we were faced with an analogous situation involving the same Omnibus DWI Act at issue in the case before us. We applied the principle of the specific act overriding a general act on the same subject and held that the specific mandatory sentencing requirement under that act, excluded the discretionary probation provided for in our general criminal statutes.

*Id.* at 41-42, 746 S.W.2d at 546. Accordingly, under the precedent set forth in *Lawson*, it was impermissible to sentence Appellant under the specific provision of section 5-26-305(b), which enhanced the offense to a Class D felony, and to also sentence him under the general habitual-offender statute, thus, resulting in an illegal sentence of twelve years' imprisonment.

Because it was error for the State to enhance Appellant's sentence pursuant to the specific provisions of section 5-26-305(b) and the general habitual-offender provision codified in section 5-4-501, Appellant's illegal sentence must be corrected. Accordingly, we reverse and remand this matter to the circuit court with instructions that Appellant's illegal sentence be corrected so that it falls within the range allowed for a Class D felony.

Reversed and remanded.

BROWN, J., not particpating.