Cite as 2022 Ark. 118

# SUPREME COURT OF ARKANSAS
No. CV-21-489

| | | |
|---|---|---|
| RAY O'NEAL | | **Opinion Delivered:** June 2, 2022 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE HOT SPRING COUNTY CIRCUIT COURT [NO. 30CV-21-60] |
| V. | | |
| | | HONORABLE STEPHEN L. SHIRRON, JUDGE |
| DEXTER PAYNE, DIRECTOR, ARKANSAS DEPARTMENT OF CORRECTION | | |
| | APPELLEE | REVERSED AND REMANDED WITH INSTRUCTIONS. |

**COURTNEY RAE HUDSON, Associate Justice**

Appellant, Ray O'Neal, appeals the Hot Spring County Circuit Court's order denying his petition for writ of habeas corpus. For reversal, O'Neal argues that the circuit court erred by not finding that the trial court's impermissible stacking of two statutes resulted in a double-penalty enhancement. Because the sentencing order is incomplete, we reverse the circuit court's denial of habeas relief and remand to the trial court to enter a complete sentencing order.

In June 2013, O'Neal pled guilty to third-degree domestic battering, a Class D felony, pursuant to Arkansas Code Annotated section 5-26-305 (Supp. 2011). He was sentenced as a habitual offender to 144 months' imprisonment and 36 months' suspended imposition of sentence (SIS). On March 4, 2021, O'Neal filed a petition for writ of habeas corpus in the county of his incarceration pursuant to Arkansas Code Annotated sections 16-112-101 to -

123 (Repl. 2016). O'Neal alleged in the habeas petition that the trial court imposed an illegal sentence because it "impermissibl[y] stack[ed]" two penalty-enhancement statutes when he was sentenced to 12 years' imprisonment for a Class D felony domestic battering. The circuit court denied the petition and O'Neal appealed.

A circuit court's decision on a petition for writ of habeas corpus will be upheld unless it is clearly erroneous. *Hobbs v. Gordon*, 2014 Ark. 225, 434 S.W.3d 364. A decision is clearly erroneous when, although there is evidence to support it, the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Ratliff v. Kelley*, 2018 Ark. 105, 541 S.W.3d 408.

A writ of habeas corpus is proper when a judgment and commitment order is invalid on its face or when a trial court lacked jurisdiction over the case. *Jefferson v. Payne*, 2022 Ark. 4, 637 S.W.3d 264. Jurisdiction is the power of the court to hear and determine the subject matter in controversy. *Baker v. Norris*, 369 Ark. 405, 255 S.W.3d 466 (2007). When the trial court has personal jurisdiction over the appellant and also has jurisdiction over the subject matter, the court has authority to render the judgment. *Johnson v. State*, 298 Ark. 479, 769 S.W.2d 3 (1989).

A petitioner who does not allege his or her actual innocence and proceed under Act 1780 of 2001 must plead either the facial invalidity of the judgment or the lack of jurisdiction by the trial court and show, by affidavit or other evidence, probable cause to believe that he or she is being illegally detained. Ark. Code Ann. § 16-112-103(a)(1) (Repl. 2016). Proceedings for the writ are not intended to require an extensive review of the record of the

2

trial proceedings, and the circuit court's inquiry into the validity of the judgment is limited to the face of the commitment order. *Jones v. Kelley*, 2020 Ark. 290. Unless the petitioner can show that the trial court lacked jurisdiction or that the commitment order was invalid on its face, there is no basis for a finding that a writ of habeas corpus should issue. *Fields v. Hobbs*, 2013 Ark. 416.

On appeal, O'Neal argues, as he did below, that his sentence is illegal because the trial court impermissibly stacked two statutes that resulted in a double-penalty enhancement. O'Neal alleges that he pled guilty to third-degree domestic battering, which had been enhanced from a Class A misdemeanor to a Class D felony due to prior offenses, and that his sentence was further enhanced by the habitual-offender statute. O'Neal essentially contends that his sentence was illegally increased from one year to six years and then again increased to twelve years. In support of his contention, he cites *Lawson v. State*, 295 Ark. 37, 746 S.W.2d 544 (1988), for the proposition that stacking a specific and general criminal-enhancement statute is impermissible.

O'Neal's sentencing order reflects two counts of third-degree domestic battering, which are Class D felonies. The first count noted the offense was pursuant to Arkansas Code Annotated section 5-26-305 and referenced case number 72CR-13-497, for which he was sentenced to 144 months' imprisonment and 36 months' SIS, and further indicated he was being sentenced pursuant to Arkansas Code Annotated section 5-4-501(b). The second count, also pursuant to Arkansas Code Annotated section 5-26-305, referenced case number

72CR-11-1758, for which he was sentenced to 14 months' SIS.[1] Handwritten notations on the sentencing order indicate that count 2 was to run consecutively to count 1, and count 1 was to run concurrently "with parole violation nunc pro tunc to 4/1/13."

In denying relief, the circuit court noted that O'Neal had been convicted of third-degree domestic battering pursuant to Arkansas Code Annotated section 5-26-305(b) and that third-degree domestic battering is a Class D felony if (A) the offense is committed against a woman the person knew or should have known was pregnant; (B) the person committed a prior instance of domestic battering or aggravated assault of a family or household member within five years; or (C) the person committed two or more offenses of battery against a family member within ten years. The circuit court, citing *Banks v. State*, 354 Ark. 404, 125 S.W.3d 147 (2003), denied relief because it was not readily apparent from the face of O'Neal's sentencing order to which version of third-degree domestic battering he had pled guilty, and as a result, he failed to show on the face of the commitment order that an illegal sentence had been imposed.

In *Lawson*, 295 Ark. 37, 746 S.W.2d 544, this court examined whether it was permissible to stack a specific subsequent-offense penalty-enhancement statute and the general habitual-offender criminal statute.[2] Relying on our well-established principles of statutory construction, we were satisfied that the legislature did not intend "this specific

---

[1]O'Neal does not dispute the jurisdiction of the trial court or the validity of his sentence regarding count 2. O'Neal's arguments center exclusively on count 1.

[2]The question presented in *Lawson* was whether our DWI enhancement statute could be coupled with our general habitual-offender statute for sentencing on the same offense.

criminal enhancement statute should be coupled with our general criminal enhancement statute for the resulting purpose of creating a greater sentence than if either statute had been applied singly." *Id.* at 41–42, 746 S.W.2d at 546. More specifically, in *Banks*, we found it was error to enhance Banks's sentence for third-degree domestic battering pursuant to the specific provisions of section 5-26-305(b) and the general habitual-offender provision in section 5-4-501. In *Banks*, evidence of the prior offense of domestic battering was admitted during the sentencing phase—as he was convicted of third-degree domestic battering, second offense—and his six-year sentence was enhanced pursuant to the habitual-offender statute, codified at Arkansas Code Annotated section 5-4-501, resulting in an illegal sentence of twelve years' imprisonment being imposed on Banks. *Id.* at 412, 125 S.W.3d at 153. In so holding, this court noted that it was impermissible to sentence Banks under the specific provision of section 5-26-305(b), which enhanced the offense to a Class D felony, and to also sentence him under the general habitual-offender statute. *Id.* at 412–13, 125 S.W.3d at 153 (citing *Lawson*, 295 Ark. 37, 746 S.W.2d 544).

When the law does not authorize the particular sentence pronounced by a trial court, that sentence is unauthorized and illegal. *Johnson v. Kelley*, 2019 Ark. 230, 577 S.W.3d 710. Simply put, the sentencing order before us is incomplete. Specifically, it appears that O'Neal was convicted of third-degree domestic battering, a Class D felony. However, the sentencing order fails to specify the subsection of section 5-26-305 to which O'Neal pled guilty. The lack

of specificity or completeness in the sentencing order[3]—under these unique circumstances—makes it apparent that a determination regarding the trial court's jurisdiction or the validity of the judgment on its face cannot be made with any certainty. Because the trial court did not enter a complete sentencing order, the circuit court's decision regarding the facial validity of the sentencing order was made in error. We therefore reverse the denial of O'Neal's habeas petition and remand to the Washington County Circuit Court with instructions to enter a complete sentencing order.

Reversed and remanded with instructions.

*Ray A. O'Neal*, pro se appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[3]Clerical errors do not prevent enforcement of a judgment, and a circuit court can enter an order nunc pro tunc at any time to correct clerical errors in a judgment or an order. *Rainer v. Kelley*, 2019 Ark. 359, 589 S.W.3d 366. In *Rainer v. State*, 2019 Ark. 42, 566 S.W.3d 462, the marking of an incorrect subsection was noted as a scrivener's error. Notably, in this matter, the error is the omission of a subsection in its entirety—not marking the wrong subsection.